**In re Marguerite Lynn ERICKSON,
Appellant.**

**No. 1526.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 9, 1977.

Patricia Anne O'Kane, Houston, for appellant.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an order denying a change of name. Marguerite Lynn Erickson, appellant, filed an application in the district court seeking to have her married name, Erickson, changed back to her maiden name, McGregor. In her application she stated that she was unaware that she could retain her maiden name upon marriage and that she is a "feminist" who strongly believes that equality between men and women is symbolized by a retention of such party's surname in marriage. She also stated that her profession requires her to maintain her identity separate from that of her husband. The court denied the change of

name stating in its findings of fact and law that: (1) the appellant's husband had a vested right in the subject matter of the petition and, therefore, was a necessary party; (2) the petition failed to state sufficient legal or equitable grounds for the grant; (3) there is no statutory or case law authorizing a married woman to change her name from that of her husband; and (4) to grant the change of name would give "the appearance of an illicit co-habitation against the morals of society," that it would not be in the best interest of their minor children, and that without evidence of some advantage in her professional capacity, the grant "would be detrimental to the institution of the home and family life and contrary to the common law and customs of this state."

■ An application for a change of name by an adult is controlled by sections 32.21 and 32.22 of the Texas Family Code. Section 32.21 requires that the applicant petition the district court stating the present name and address of the petitioner, the requested name, and the reason for which a change is desired. Section 32.21 does *not* require the spouse, or anyone else, be made a party. Section 32.22 states that "[f]or good cause shown the court shall order a change of name as requested if it finds that the change is in the interest or to the benefit of the petitioner." Generally, the grant of an application for change of name is a matter of judicial discretion and should be granted unless there exists some wrongful, fraudulent, or capricious purpose. *See Petition of Hauptly*, 262 Ind. 150, 312 N.E.2d 857 (1974); *In re Reben*, 342 A.2d 688 (Me.1975); *In re Evett's Appeal*, 392 S.W.2d 781 (Tex.Civ.App.—San Antonio 1965, writ ref'd). *See generally* 65 C.J.S. *Names* § 11(2) (1966).

■ In this case the record contains no evidence that any difficulties will arise from the granting of appellant's application. She testified that her family, including her husband, had been apprised of her intention, that they were all in agreement, and that no difficulties would be created. This testimony was clear, direct, and posi-

tive, free from contradiction and as such, should have been taken as true as a matter of law. *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904, 908 (1942). We cannot say from the evidence as presented that to grant appellant's request will result in "the appearance of an illicit co-habitation against the morals of society," and be "detrimental to the institution of the home and family life," or that it will be against the best interest of the children.

■ We also cannot agree with the trial court's conclusion that appellant presented insufficient grounds to grant the request. In light of the general policy of most courts in other states to grant requests for change of name, we feel that the appellant presented sufficient "good cause" for granting her application as required by section 32.22. It is enough that for her own proper reasons, appellant conscientiously feels the necessity of being known and referred to by her previous name. To deny her this right would be a violation of equal protection under the law by creating an invalid classification based on sex. *See Mercer v. Board of Trustees, North Forest Independent School Dist.*, 538 S.W.2d 201 (Tex.Civ.App. —Houston [14th Dist.] 1976, writ ref'd n. r. e.).

■ We would not like to be understood as holding that a person has the absolute right to change his name by court order. *In re Evett's Appeal, supra.* Although the petitioner is ordinarily the only party before the court, the trial judge may appropriately inquire into matters, other than sex, which would authorize him to refuse to give legal sanction to a change of name. For example, inquiry may appropriately be made as to whether the petitioner has judgments against him or has been a bankrupt. A change of name may be considered inappropriate if desired for the purpose of concealing an adverse credit rating, a criminal record, or to otherwise work a fraud. Imposition by assuming the name of a celebrity or other well-known entity for commercial purposes may negate the right to a legal change of name. In short, the

court may inquire into such matters as may be reasonably necessary to protect the family from disruption and the public from imposition, fraud, or improper purpose. A follower of traditional social propriety may not understand appellant's motives in this case; however, her motives are legitimate to her, and she believes it in her "interest" and to her "benefit" to use her maiden name. It is the opinion of this court, therefore, that it was error for the trial court to deny appellant's application for change of name. The order of the trial court is reversed, and appellant's application for change of name is granted.

Reversed and rendered.