Opinion Issued March 11, 2004
















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00059-CV




 JAMES MAYOL, Appellant




On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 02-58695




O P I N I O N

          James Mayol, appellant, appeals from an order denying a change of name. 
Appellant filed an application for a name change in district court seeking to have his
name, James Mayol, changed back to his birth name, Barnabas Akech Malou. The
trial court denied the change of name noting that appellant failed to produce
documentation establishing the correct identity of James Mayol. In his sole point of
error, appellant claims that the trial court erred in denying his petition for change of
name because he presented sufficient documentation to establish the identity of
appellant as James Mayol. We affirm. 
Background
          On November 15, 2002, James Mayol filed his original petition for change of
name of adult. In his petition, Mayol provided his personal information, including
his present name, address, sex, race, date of birth, social security number, and Texas
Department of Public Safety (TDPS) Identification Number. Mayol also noted in his
petition that he had not been charged with any offense above a Class C misdemeanor,
that he had not been the subject of a final felony conviction, and that he had no
judgments outstanding. Mayol expressed his desire to hold the name Barnabas Akech
Malou, on the ground that this was his birth name and the name he originally used
while in school and while engaging in extracurricular activities. In his petition,
Mayol explained his reasons for requesting the change of name: he was brought to the
United States as a refugee from Sudan and was given a social security card and state
identification card by his agency, both of which referred to him as James Mayol. In
order to pursue his education in the United States, Mayol wished to change his name
back to his birth name in order to reflect his birth certificate and his past educational
records. 
          On November 21, 2002, the trial court held a hearing on Mayol’s petition for
name change. Mayol testified that his birth name is Barnabas Akech Malou, that he
was born on January 1, 1979 in Sudan, that his current name is James Mayol, and that
he resides currently in Houston, Texas. Mayol also explained that his name was
changed in the refugee camp but that when he came to the United States from Sudan,
he never went to court to get his name changed from Barnabas Malou to James
Mayol. The court passed the case until Mayol provided “proof of the actual name of
the petitioner and the legal documents that he relied on to bear the name Mayol,
James Mayol, and presented to the Department of Public Safety and the Social
Security Administration” so that it could determine “who the gentlemen is in order
to change his name.” 
          On December 16, 2002, Mayol filed an amended petition for change of name
of adult. Attached to his petition, Mayol included a TDPS identification card, a
Social Security card, and an Immigration and Naturalization Service I-94 form with
Departure Number 32627490609, all of which reflected his name as James Mayol. 
The date of entry as a refugee on Mayol’s I-94 form is partially effaced, but clearly
indicates entry on May 22, 19??. He also provided a Sudanese birth certificate which
indicated a birth name of Barnabas Akech Malou, born January 1, 1979, the same
date of birth as Mayol’s birth date on his TDPS identification card and I-94 form. 
Mayol also attached two certificates from Kakuma Refugee Camp indicating that
Malou was certified as a nurse aide on March 12, 1999, and as a pharmacy assistant
on December 8, 2000. 
          On December 18, 2002, the hearing was continued. The court denied Mayol’s
request for name change on the stated ground that it was “not in the best interest of
James Mayol or in the interest of the public.” The court explained that “there is . .
. no document establishing the correct identity of James Mayol, the Court finding that
the driver’s license and Social Security Number bear this name, but that there’s no
documentation upon which the DPS or Social Security relied and failing proof of the
identity of the Petitioner, James Mayol, the change of name is denied at this time,
with all due respect and regret and sorrow; but that’s the way I see it.” 
Discussion
          In his sole point of error, appellant argues that the trial court erred in denying
appellant’s petition for change of name. 
          An application for a change of name by an adult is controlled by subchapter B
of Chapter 45 of the Texas Family Code. Section 45.102 sets out the requirements
of a petition requesting a change of name. The petition must include (1) the present
name and place of residence of the petitioner; (2) the full name requested by the
petitioner; (3) the reason the change in name is requested; and (4) a statement whether
the petitioner has been the subject of a final felony conviction. Tex. Fam. Code
Ann. § 45.102 (Vernon 2002). Section 45.103 states that “the court shall order a
change of name under this subchapter for a person other than a person with a final
felony conviction if the change is in the interest or to the benefit of the petitioner and
in the interest of the public.” Id. § 45. 103. 
          Whether a petition for a name change is granted is a matter of judicial
discretion. See In re Erickson, 547 S.W.2d 357, 358 (Tex. App.—Houston [14th
Dist.] 1977, no writ ) (name change should be granted unless there exists some
wrongful, fraudulent, or capricious purpose); cf. In re Evett’s Appeal, 392 S.W.2d
781, 784 (Tex. App.—San Antonio 1965, writ ref’d) (name change is not a matter of
right). The test for abuse of discretion is whether the court acted without reference
to any guiding rules and principles, i.e., whether the trial court acted arbitrarily or
unreasonably. Direct Color Services, Inc. v. Eastman Kodak Co., 929 S.W.2d 558,
563 (Tex. App.—Tyler 1996, writ denied). The mere fact that a trial court may
decide a matter within its discretionary authority in a manner different than an
appellate judge in a similar circumstances does not demonstrate that an abuse of
discretion has occurred. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 242 (Tex. 1985). 
          Here, based on the evidence presented, the trial court did not abuse its
discretion in denying appellant’s name change request. Appellant claims that he met
all the statutory requirements of section 45.102 of the Family Code and that he
produced the additional documentation requested by the trial court. However, the
trial court stated in its order that appellant failed to satisfy the requirements of section
45.103, which mandates that the court grant the requested change of name if the
petitioner establishes that the change is “in the interest or to the benefit of the
petitioner and in the interest of the public.” Tex. Fam. Code Ann. § 45.103. 
          Petitioner presented no evidence from which it could be determined that he
was, in fact, the person named in the birth certificate he provided to the court; and
there is some evidence on the face of the record that the person named James Mayol,
admitted into the United States on May 22, 19?? ,with INS Department Number
32627490609, is not the same person as the Barnabas Akech Malou who was certified
as a pharmacy assistant in Kakuma Refugee Camp on December 8, 2000, a
certification date after Mayol’s entry into the United States. Therefore, the court did
not act arbitrarily or unreasonably in holding that appellant failed to establish that the
name change was in the interest of appellant and of the public, as required by section
45.103. 
          We hold that the trial court did not abuse its discretion in denying petitioner’s
request.
 
 
 
Conclusion
          We affirm the judgment of the trial court. 
 
 
Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Taft, Keyes, and Bland.
Publish. Tex. R. App. P. 47.4.