NO. 07-08-0075-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 29, 2008

_____

IN RE ROBERT THOMAS BARNES, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Pending before this Court is the *pro se* petition of relator Robert Thomas Barnes for a writ of mandamus. Through it, relator asks for mandamus relief against respondent, the Honorable Don Emerson, judge of the 320th District Court of Potter County. We will deny the petition in part and dismiss it in part.

Documents accompanying relator's petition indicate he filed a petition in the 320th District Court seeking a change of name.[1] As we read relator's mandamus petition, he asks both that we direct respondent to rule on his name change request, and that we direct respondent to grant the name change request.

_____

[1] The pleadings request restoration of relator's birth name, treated as a request for a name change. *See* Tex. Fam. Code Ann. § 45.103 (Vernon 2005); *In re Mayol,* 137 S.W.3d 103 (Tex.App.–Houston [1st Dist.] 2004, no pet.).

To the degree relator asks for a writ of mandamus directing the trial court to grant his requested name change, we deny his petition. Our authority does not permit us to adjudicate a matter pending in a trial court without the trial court first acting upon it. *See O'Donniley v. Golden,* 860 S.W.2d 267, 269 (Tex.App.–Tyler 1993, orig. proceeding) (when a trial court has yet to act, authority entitles us only to order the trial court to act; it does not allow us to tell the trial court what decision to make).

To the degree relator's petition simply seeks mandamus directing the trial court to rule, we will dismiss the petition for want of jurisdiction. We requested a response to relator's mandamus petition. Tex. R. App. P. 52.4. The Attorney General of Texas has filed a response for respondent. The response contends relator has no entitlement to the mandamus relief he seeks. The response also establishes that respondent, on April 10, 2008, signed a judgment denying relator's requested name change, finding relator had failed to provide the certificate of discharge required by statute.[2] Because respondent has ruled on relator's name change petition, his mandamus petition asking us to require respondent to rule is moot. *See Pinnacle Gas Treating, Inc. v. Read,* 104 S.W.3d 544, 545 (Tex. 2003) (an actual, live controversy between the parties is required for subject-matter jurisdiction); *State Bar of Texas v. Gomez,* 891 S.W.2d 243, 245 (Tex. 1994) (for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought).

---

[2] *See* Tex. Fam. Code Ann. § 45.103(b)(1) (Vernon 2005).

Accordingly, we deny relator's petition for writ of mandamus directing respondent to grant his name change petition, and dismiss his petition seeking a writ requiring respondent to rule on the name change petition.


Per Curiam