NO. 07-08-0191-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 24, 2009
_____

IN THE INTEREST OF ROBERT THOMAS BARNES
AKA ROBERT LINCOLN JONES, JR.
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 74393-D; HONORABLE DON EMERSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Robert Thomas Barnes, a/k/a Robert Lincoln Jones, Jr., proceeding pro se, appeals from the trial court's judgment denying his petition to restore his original name. Through one issue, appellant contends the trial court abused its discretion by denying his request. We disagree, and affirm the trial court's judgment.

Appellant filed a pro se petition he entitled Petition to Restore Original Name, in which he asserted his birth name was Robert Lincoln Jones, Jr. When he was later adopted, his name was changed to Robert Thomas Barnes. By his petition, he sought to have his original name restored.

Chapter 45 of the Family Code governs petitions for change of name of children and adults. For adults, the verified petition requirements include, inter alia, a statement whether the petitioner has been the subject of a final felony conviction. Tex. Fam. Code Ann. § 45.102 (Vernon 2002). The Code further provides that the court may order a change of name for a petitioner with a final felony conviction if, in addition to meeting the general requirements, the petitioner (1) has received a certificate of discharge by the pardons and paroles division of the Texas Department of Criminal Justice or completed a period of probation ordered by a court and not less than two years have passed from the date of the receipt of discharge or completion of probation; or (2) has been pardoned. Tex. Fam. Code Ann. § 45.103(b) (Vernon 2005).

Appellant's petition to the trial court did not expressly state he had been finally convicted of a felony, but other information in the petition makes clear that is the case, and appellant does not dispute that fact. He is incarcerated in a unit of the Institutional Division of the Texas Department of Criminal Justice. Nor does he dispute that he has not received a certificate of discharge or otherwise met the requirements of Family Code § 45.103(b). The trial court's judgment also makes clear that is one of the reasons his petition was denied.

Appellant argues Family Code Chapter 45 does not apply to his petition. He attempts to distinguish a change of name, which he acknowledges is governed by Chapter 45, from his request to *restore* the name he was given at birth. He argues he did not seek a name change, but simply the restoration of his original name. However, pleadings are governed by the substance of the relief requested, not the name applied. *See State Bar*

2

*of Texas v. Heard,* 603 S.W.2d 829, 833 (Tex. 1980) (holding that courts look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it); *Hong Kong Dev., Inc. v. Nguyen,* 229 S.W.3d 415, 430 n.6 (Tex.App.–Houston [1st Dist.] 2007, no pet.) (indicating same). The substance of the relief appellant asked of the trial court was a change in his legal name from Robert Thomas Barnes to Robert Lincoln Jones, Jr. The trial court did not err by requiring appellant's compliance with § 45.103 as a condition of the relief he sought. *See In re Mayol,* 137 S.W.3d 103 (Tex.App.–Houston [1st Dist.] 2004, no pet.) (applying Chapter 45 to request to change name to birth name).

As authority the trial court had the power to restore his original name without his compliance with the requirements of § 45.103, appellant cites *In re Erickson,* 547 S.W.2d 357 (Tex.App.–Houston [14th Dist.] 1977, no writ.). The case does not support appellant's position. The court there found that the petitioner Erickson satisfied the requirements of the statute then governing changes of name. *Id*. at 359. It reversed the trial court and rendered the requested name change, but nothing in the case suggests the appellate court would have done so if the petition had not satisfied all the requirements of the statute. For the same reason, *Erickson* actually supports the trial court's denial of appellant's petition, which he acknowledges did not meet the Family Code's requirements.

As *Erickson* also holds, a person does not have the absolute right to change his name by court order. 547 S.W.2d at 359. Whether a petition for a name change is granted is a matter of judicial discretion. *Id.* at 358. *See also Chavez v. Chavez,* 269

3

S.W.3d 763, 768 (Tex.App.–Dallas 2008, no pet.); *In re Mayol,* 137 S.W.3d at 105. The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles, i.e. whether the trial court acted arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985); *Chavez,* 269 S.W.3d at 768. The trial court did not abuse its discretion by denying appellant's petition.

Appellant also analogizes his attempt to restore his original name to the name changes authorized on divorce under the Family Code. Tex. Fam. Code Ann. § 6.706 (Vernon 2006); Tex. Fam. Code Ann. § 45.105 (Vernon 2008). But neither are those name changes mandatory. Under both statutes, the court may deny a request to change a party's name to one the party previously used if the court states a reason for the denial in the decree. Tex. Fam. Code Ann. § 6.706(a) (Vernon 2006); Tex. Fam. Code Ann. § 45.105(a) (Vernon 2008).

Lastly, appellant argues he is not trying to "hide anything" or commit any fraud by returning to the use of his original name. He asserts he has used both names over the years, and that law enforcement agencies are fully aware of his use of both names. All that well may be true. But that does not change the fact appellant has not met the requirements imposed by statute for the relief he has requested.

Finding the trial court did not abuse its discretion by denying appellant's petition, we overrule appellant's issue and affirm the trial court's judgment.

James T. Campbell
Justice

4