

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00885-CV

**IN RE** Gary A. **CAMPBELL**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-10935
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: June 4, 2014

AFFIRMED

Gary A. Campbell appeals the trial court's order denying his application for name change. A trial court has discretion in determining whether a petition requesting a change of name should be granted. *Chavez v. Chavez*, 269 S.W.3d 763, 768 (Tex. App.—Dallas 2008, no pet.); *In re Mayol*, 137 S.W.3d 103, 105 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *In re Erickson*, 547 S.W.2d 357, 358 (Tex. Civ. App.—Houston [14th Dist.] 1977, no writ). A trial court abuses its discretion if it acts without reference to any guiding rules and principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Chavez*, 269 S.W.3d at 768-69; *In re Mayol*, 137 S.W.3d at 105.

The guiding rules and principles governing a trial court's action on a petition by an adult for a name change are set forth in sections 45.102 and 45.103 of the Texas Family Code. *See* TEX.

FAM. CODE ANN. §§ 45.102-45.103 (West 2014). The trial court's order states the following three reasons for its denial of Campbell's application: (1) Campbell has been convicted of a felony and did not provide evidence that he had received a discharge or pardon; (2) Campbell failed to provide a legible and complete set of fingerprints; and (3) the name change would not be in the interest of the public. Each of these reasons is supported by the Code's guiding rules and principles.

First, a court may order a name change for a person with a final felony conviction only if: (1) the person "received a certificate of discharge by the Texas Department of Criminal Justice" and "not less than two years have passed from the date of the receipt of discharge;" or (2) the person has "been pardoned." *Id*. at § 45.103(b). As the trial court's order noted, Campbell did not establish that he had been pardoned or had received a certificate of discharge and more than two years had passed from the date of his receipt of such a discharge. *See Campbell v. State*, No. 04-12-00304-CR, 2012 WL 2586216 (Tex. App.—San Antonio July 5, 2012, no pet.) (dismissing Campbell's appeal of felony conviction for lack of jurisdiction) (not designated for publication). Next, Campbell's petition did not include a legible and complete set of Campbell's fingerprints as required by section 45.102(a)(6) of the Code. TEX. FAM. CODE ANN. § 45.102(a)(6). Finally, a trial court is required to change the name of a person only "if the change is … in the interest of the public." *Id*. at § 45.103(a); *see also In re Mayol*, 137 S.W.3d at 105-06 (holding trial court did not abuse its discretion in denying name change where appellant failed to establish that name change was in the interest of the public). Because Campbell made no showing on the record presented in this case that the name change would be in the interest of the public, the trial court did not abuse its discretion in denying Campbell's application on this basis.

We note that the trial court's order denied Campbell's application "without prejudice to refiling when and if [Campbell] meets and has complied with all requirements." Accordingly,

nothing precludes Campbell from filing another petition in an effort to establish the requirements that the trial court found were lacking in its consideration of his first petition.

The trial court's order is affirmed.

Catherine Stone, Chief Justice