**Affirmed and Opinion Filed February 12, 2021**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00128-CV**

**IN RE RYAN GALLAGHER**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-16008**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Carlyle

Ryan Gallagher, proceeding pro se, appeals the trial court's order denying his petition to change his name. Mr. Gallagher contends, among other things, that the trial court abused its discretion because he has a "religious right" to a name change. We affirm the trial court's judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

In his August 14, 2019 pro se "Petition to Change the Name of an Adult," Mr. Gallagher asked the trial court to change his current legal name, Ryan Alexander Gallagher, to Ryan Sasha-Shai Van Kush, based on "religious reasons." His petition stated he had no felony convictions and met all statutory name change requirements. The attachments to his petition included an "Affidavit of Hardship" dated "this 25

day of July, 2025 [sic]," in which he asserted, "The State of Texas Controlled Substances Act, the Compassionate Use Program, the Department of Public Safety, Collin County, Travis County, and Dallas County are causing Hardship to my Religion, and irreparable harm without the Court's intervention."[1]

Collin County, Texas, (the County) filed an October 7, 2019 "Objection to Petition to Change Name," contending Mr. Gallagher is "an experienced vexatious litigator" who "intentionally abuses the judicial system by filing pro se litigation to harass federal and state governmental entities, their employees, elected officials and judges," primarily pertaining to his alleged right to use marijuana in practicing his religion. The County asserted Mr. Gallagher's requested name change should be denied because it "is not consistent with the public interest" and "will foster [his] ability to avoid numerous sanctions and pre-filing prohibitions." The County stated, "Although, theoretically, even if his name were change[d] he would still be liable/responsible under prior orders/sanctions/pre-filing injunctions, as a practical matter [it] gives him a clean slate to start his litigation scourge again." The attachments to the County's objection included (1) a list of more than two dozen federal and state pro se cases filed by Mr. Gallagher in Texas, Colorado, Mississippi, and Washington, D.C., and (2) several federal court orders pertaining to litigation restrictions and sanctions imposed on Mr. Gallagher.

---

[1] Mr. Gallagher's "Affidavit of Hardship" was captioned "DC-19-02400, Rev. Ryan 'Sasha' Gallagher v. Texas, 162nd Dallas County District Court." It did not bear a file stamp or show any indication that it had previously been filed in any court.

Mr. Gallagher filed a response to the County's objection, asserting, "Everything Cited by the County is Moot, because it is Simply an Assault and Legal Strategy of Intimidation to attempt to make the Plaintiff Dismiss Cases, then an Assassination of Character to cause Judges to Ignore my Pleas and Dismiss Cases themselves since I refuse to be intimidated by Sanctions."

An associate judge heard and denied the name change request. Then, Mr. Gallagher filed a timely request for a de novo hearing before the trial court. *See* TEX. FAM. CODE § 201.015. He contended "any argument that I am trying to get out of anything or 'slip away' as it was worded by the Representative of Collin County, is null and voided by the Texas Name Change Code, which clearly states that a Name Change cannot even possibly be used for such a purpose." He also asserted, "Further, as this is a religious request, the County may be held liable for the Actions of this Judge against a Religious Practice."

At the de novo hearing, Mr. Gallagher and the County reasserted their arguments described above. Mr. Gallagher introduced into evidence two documents: (1) a "Petition of Public Interest" signed by twenty people "agreeing that the name change is within the Public Interest" and (2) a "Motion for Name Change to apply to court cases," in which he listed the several dozen state and federal cases filed by him. He stated to the trial court that he was "agreeing" to provide notice in those cases if the name change were granted. On that same date, he also filed a "Notice" that stated in part, "This is a Notice to Collin County, the Clerk and the Court that

Collin County is not a Party to this Case . . . . Nowhere in the Family Law Name Change section does it give anyone the right to file in and appear at your Family Court Hearing as a Participant." The trial court denied his name change request without stating the basis for its ruling.

The granting or denial of a petition for a name change is a matter of judicial discretion. *See Chavez v. Chavez*, 269 S.W.3d 763, 768 (Tex. App.—Dallas 2008, no pet.); *In re Mayol*, 137 S.W.3d 103, 105 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also In re Evetts*, 392 S.W.2d 781, 784 (Tex. App.—San Antonio 1965, writ ref'd) (name change is not a matter of right). A trial court abuses its discretion if it acts without reference to any guiding rules and principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

An application for a change of name by an adult is governed by Texas Family Code Chapter 45. The name change petition must include, among other things, (1) the present name and place of residence of the petitioner, (2) the full name requested by the petitioner, (3) the reason the change of name is requested, and (4) a statement whether the petitioner has been the subject of a final felony conviction. TEX. FAM. CODE § 45.102. "[T]he court shall order a change of name . . . for a person other than a person with a final felony conviction if the change is in the interest or to the benefit of the petitioner and in the interest of the public." *Id.* § 45.103. The name change "does not release a person from liability incurred in that person's

previous name or defeat any right the person had in the person's previous name." *Id*. § 45.104.

In his appellate brief,[2] Mr. Gallagher asserts two issues: (1) "Religious Right to Change Name" and (2) "Collin County's Participation." In the brief's "Summary of the Argument," he states:

> I have met all state requirements and even agreed to extra requirements Collin County asked for, and the Judge denied the name change with no legal reason. I have a Religious Right to change my name.
> But I am also arguing that Collin County, and Dallas County, by their actions in the lower court, are attacking my Religion, and fundamentally my Right to Self Determination and Self Identification.

We construe his two appellate issues to assert that the trial court abused its discretion by denying his name change petition and that the actions of both Dallas and Collin counties violated his religious rights.

In support of his violation-of-religious-rights argument, Mr. Gallagher relies primarily on "Tex. Civ. Code Title 5 Chapter 110," which, based on the lengthy portions he quotes, appears to be Texas Civil Practice and Remedies Code Chapter 110. *See* TEX. CIV. PRAC. & REM. CODE §§ 110.001–.012. He asserts Chapter 110 requires Dallas and Collin counties "to cease and desist" as to the alleged violation of his religious rights and he seeks damages and other relief under that chapter. But an action for Chapter 110 relief must "be brought in district court" and comply with

---

[2] At this Court's request, Mr. Gallagher amended his appellate brief twice prior to submission to correct briefing deficiencies.

that statute's requirements. *See id*. §§ 110.005–.006. Here, the sole underlying action brought in the district court was a petition for a name change pursuant to the family code. We conclude Mr. Gallagher's Chapter 110 complaint presents nothing for this Court's review. *See id*.

Additionally, several sections of Mr. Gallagher's brief contain lengthy string citations of state and federal constitutional provisions he contends he is "challenging." To the extent he asserts complaints regarding those provisions separate from his Chapter 110 complaint, our appellate rules require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An appellant claiming violation of his constitutional rights must show how those rights were indeed violated. *See Edwards Aquifer Auth. v. Day*, 369 S.W.3d 814, 844 (Tex. 2012) (refusing to consider appellant's constitutional claim when he failed to demonstrate how his constitutional rights were violated). Mr. Gallagher's brief does not demonstrate how his rights under the cited constitutional provisions were violated. Thus, we decline to grant relief regarding these claims, to the extent they are properly presented. *See id*.; *see also Wagner v. State*, No. 05-13-01329-CR, 2015 WL 2148103, at *4 (Tex. App.—Dallas May 5, 2015) (mem. op., not designated for publication) ("Because appellant's conclusory statement asserting violations of these constitutional provisions is unsupported by analysis and relevant legal

citations, he has not complied with appellate briefing requirements."), *aff'd* 539

S.W.3d 298 (Tex. Crim. App. 2018).

The trial court provided no basis for its ruling denying Mr. Gallagher's name change and he filed no request for findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296. Thus, we presume the trial court made all findings necessary to support its judgment and we will affirm the ruling on any basis supported by the record. *See In re Muse*, No. 09-17-00388-CV, 2018 WL 1097668, at *1 (Tex. App.— Beaumont Mar. 1, 2018, no pet.) (mem. op.).

Mr. Gallagher contends the trial court "denied the name change with absolutely no Consideration for the name change Laws clearly outlined in Tex. Fam. Code Ann. § 45.104 or really any Law at all, and not on accident, but in an attempt to block any litigation involving myself and my Religion." But as described above, a trial court need not grant a name change unless it is "in the interest of the public." TEX. FAM. CODE § 45.103. Though section 45.104 provides that a person's liabilities are unaffected by a name change, there was at least some evidence to support a reasonable inference, based entirely on non-religious considerations, that the requested name change would facilitate Mr. Gallagher's ability to thwart enforcement of the restrictions and sanctions imposed on him. On this record, we conclude the trial court did not abuse its discretion to the extent it determined the requested name change was not in the public's interest. *See In re Erickson*, 547 S.W.2d 357, 359–60 (Tex. App.—Houston [14th Dist.] 1977, no writ) (explaining

that in deciding name change request, court may appropriately consider "matters as may be reasonably necessary to protect . . . the public from imposition, fraud, or improper purpose"). Thus, the trial court's denial of the name change was not improper. *See* TEX. FAM. CODE § 45.103; *In re Barnes*, No. 13-13-00685-CV, 2015 WL 2452614, at *3 (Tex. App.—Corpus Christi–Edinburg May 21, 2015, no pet.) (mem. op.) (concluding denial of religion-based name change request was proper where section 45.103 requirements were not satisfied).

We affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

200128F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN RE RYAN GALLAGHER

No. 05-20-00128-CV

On Appeal from the 254th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-19-16008.
Opinion delivered by Justice Carlyle.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of February, 2021.