Ronwyn CHAVEZ, Appellant,

v.

Ronald CHAVEZ, Appellee.

No. 05–07–00582–CV.

Court of Appeals of Texas, Dallas.

Nov. 12, 2008.

Mellannise Evette Henderson–Love, Law Office of Mellannise Henderson–Love, P.C., Dallas, for appellant.

Ronald Chavez, Combine, pro se.

Before Chief Justice THOMAS and Justices BRIDGES and FITZGERALD.

## OPINION

Opinion by Chief Justice THOMAS.

This is an appeal from a divorce decree involving appellant, Ronwyn Chavez, and appellee, Ronald Chavez. In two issues, appellant asserts the trial court erred in characterizing the home as appellee's separate property. And, appellant also complains in two issues that the trial court erred in failing to reimburse her separate marital estate and failing to grant her name change. We affirm the trial court's judgment.

The parties were married in 2001 and they separated in 2006. In appellant's petition for divorce, she claimed "an interest in the residential property" located at 1535 Jimmy Lane, Combine, Texas (the property). Appellee filed an answer denying all of appellant's claims. Following a bench trial, the trial court entered a final divorce decree. This appeal ensued.

A trial court is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. TEX. FAM.CODE ANN. § 7.001 (Vernon 2006); *Moroch v. Collins,* 174 S.W.3d 849, 855 (Tex.App.-Dallas 2005, pet. denied). Trial courts are afforded wide discretion in dividing marital property upon divorce and, absent an abuse of discretion, we will not disturb the property division. *Moroch,* 174 S.W.3d at 855 (trial court does not abuse its discretion if there is some evidence of substantive and probative character to support decision); *Boyd v. Boyd,* 131 S.W.3d 605, 610 (Tex.App.-Fort Worth 2004, no pet.) (trial court's property division may not be disturbed on appeal unless complaining party demonstrates from evidence in record that division was so unjust and unfair to constitute abuse of discretion). We indulge every reasonable presumption in favor of the trial court's proper exercise of discretion in dividing the community estate. *Vannerson v. Vannerson,* 857 S.W.2d 659, 669 (Tex. App.-Houston [1st Dist.] 1993, writ denied) (citing *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981)). We reverse only if the record demonstrates the trial court clearly abused its discretion, and the error materially affected the just and right division of the community estate. *Jacobs v. Jacobs,* 687 S.W.2d 731, 732–33 (Tex.1985). In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *Moroch,* 174 S.W.3d at 857; *Boyd,* 131 S.W.3d at 611.

When the burden of proof at trial is by clear and convincing evidence, we apply a higher standard of legal and factual sufficiency review. *Moroch,* 174 S.W.3d at 857 (citing *In re J.F.C.,* 96 S.W.3d 256, 265–266 (Tex.2002) and *In re C.H.,* 89 S.W.3d 17, 26 (Tex.2002)); *Boyd,* 131 S.W.3d at 611. In reviewing the evidence for factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the allegations in the petition were proven. *Moroch,* 174 S.W.3d at 857 (citing *In re C.H.,* 89 S.W.3d at 25 and *Boyd,* 131 S.W.3d at 611).

In the first issue, appellant contends that because appellee did not plead a separate property claim, the trial court erred in characterizing the property as appellee's separate property. We disagree. Appellant claimed "an interest" in the property in her pleadings. In response, appellee's general denial properly raised the issue of ownership of the property. *See* TEX.R. CIV. P. 92 (general denial of matters pleaded by adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue). *See also Bahr v. Kohr,* 980 S.W.2d 723, 728 (Tex.App.-San Antonio 1998, no pet.). Further, in a divorce suit, the trial court may construe the pleadings of the parties with regard to property division more liberally than in other civil cases. *Lindsey v. Lindsey,* 564 S.W.2d 143, 145 (Tex.Civ. App.-Austin 1978, no writ). We conclude the trial court did not abuse its discretion in characterizing the property because appellee's pleadings placed characterization in issue. Accordingly, we overrule appellant's first issue.

In the second issue, appellant asserts the trial court erred in not requiring appellee to trace the funds so that the property could be properly characterized. A spouse's separate property consists of property owned or claimed by the spouse before marriage. TEX. FAM.CODE ANN. § 3.001(1) (Vernon 2006). Property possessed by either spouse during or on the dissolution of marriage is presumed to be community property. TEX. FAM.CODE ANN. § 3.003(a) (Vernon 2006). Characterization of property as either community or separate property is determined by the inception of title of the property, i.e., when a party first has a right of claim to the property by virtue of which title is finally vested. TEX. FAM.CODE ANN. § 3.404(a) (Vernon 2006). *See also Moroch,* 174 S.W.3d at 857; *Boyd,* 131 S.W.3d at 611.

A party asserting separate property has the burden of rebutting the community property presumption by clear and convincing evidence. *McElwee v. McElwee,* 911 S.W.2d 182, 188 (Tex.App.-Houston [1st Dist.] 1995, writ denied). To rebut the presumption, the party must generally trace and clearly identify property claimed as separate property. *McKinley v. McKinley,* 496 S.W.2d 540, 543 (Tex.1973). Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Moroch,* 174 S.W.3d at 857; *Boyd,* 131 S.W.3d at 611; *Ganesan v. Vallabhaneni,* 96 S.W.3d 345, 354 (Tex.App.-Austin 2002, pet. denied). "Mere testimony that property was purchased with separate property funds, without tracing of the funds, is generally insufficient to rebut the presumption." *McElwee,* 911 S.W.2d at 188. "Any doubt as to the character of property should be resolved in favor of the community estate." *Moroch,* 174 S.W.3d at 856; *see Boyd,* 131 S.W.3d at 612.

Based on the evidence at trial, it was undisputed that appellee purchased the property before the marriage. On direct examination, appellee testified he purchased the property in December 1999. On cross-examination, appellant confirmed she resided at the property prior to marriage and that the parties discussed refinancing the property and placing her name on the property's mortgage after marriage. This undisputed testimony is sufficient evidence to establish the separate character of the property. *See Faram v. Gervitz–Faram,* 895 S.W.2d 839, 843 (Tex.App.-Fort Worth 1995, no writ); *Vannerson,* 857 S.W.2d at 668. Thus, we conclude the trial court did not abuse its discretion by not requiring appellee to trace funds. We overrule appellant's second issue.

In issue three, appellant claims the trial court erred by not reimbursing her separate estate for enhancement of the community estate. In support of her claim for reimbursement, appellant asserts she sold her separate property and "rolled" those funds into the marital estate, made economic improvements on the property, used inheritance from her mother for the benefit of the community estate, and "expended her toil and talent." Appellant assigns a total value of $15,000 to these claims.

The right of reimbursement is not an interest in property or an enforceable debt, per se. *Burton v. Bell,* 380 S.W.2d 561, 564 (Tex.1964). It arises when the community estate in some way improves the separate estate of one of the spouses (or vice versa). *Vallone v. Vallone,* 644 S.W.2d 455, 458 (Tex.1982). The rule of reimbursement is purely an equitable right which arises upon dissolution of the marriage. *Colden v. Alexander,* 141 Tex. 134, 171 S.W.2d 328, 334 (1943). Courts apply equitable principles to determine whether to recognize the claim for reimbursement and to order a division of

the claim for reimbursement, if appropriate, in a manner the court considers just and right. Tex. Fam.Code Ann. § 7.007(b) (Vernon 2006). *See also* Tex. Fam.Code Ann. § 3.408(c) (Vernon Supp.2008) (court shall resolve claim for reimbursement by using equitable principles).

Reimbursement lies within the discretion of the court. *See Humphrey v. Humphrey,* 593 S.W.2d 824, 827 (Tex.Civ. App.-Houston [14th Dist.] 1980, writ dism'd). Great latitude must be accorded to the trial court in applying equitable principles to determine reimbursement claims. *Nelson v. Nelson,* 193 S.W.3d 624, 632 (Tex.App.-Eastland 2006, no pet.). The discretion to be exercised in evaluating a claim for reimbursement is equally as broad as the discretion exercised by a trial court in making a just and proper division of the community estate. *Lucy v. Lucy,* 162 S.W.3d 770, 776 (Tex.App.-El Paso 2005, no pet.). In reviewing the actions of the trial court, the appellate court will presume the trial court exercised its discretion properly. *Murff,* 615 S.W.2d at 698. The trial court's discretion will not be disturbed on appeal unless a clear abuse has been shown. *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974).

The party claiming the right of reimbursement has the burden of pleading and proving that the expenditures and improvements were made and that they are reimbursable. *Lindsay v. Clayman,* 151 Tex. 593, 254 S.W.2d 777, 781 (1952). *See also Vallone,* 644 S.W.2d at 459 (party seeking reimbursement must establish contribution was made by one marital estate to another, contribution was reimbursable, and value of the contribution); *In re Marriage of Gill,* 41 S.W.3d 255, 258 (Tex. App.-Waco 2001, no pet.) (party claiming right of reimbursement has burden of proof on amount of reimbursement). Claims for economic contribution require evidence of the value of, or equity in, the property at dissolution of the marriage, the amount contributed by the contributing estate, contribution of the benefitted estate, and value, or equity, of the property at the time of marriage. Tex. Fam.Code Ann. § 3.403 (Vernon 2006).

The record contains no evidentiary support for appellant's claims for reimbursement. There is no evidence in the record to establish the amount of money purportedly "rolled" into the property or tracing such sum from the sale of appellant's separate estate. Although appellant asserted she made improvements to the property in 2000 and 2001, money for any improvements to the property prior to marriage would not be enhancement of the community estate. *See* Tex. Fam.Code Ann. § 3.001(1). Further, appellant did not cite to any evidence that would show how much the improvements increased the value of the property. There is also no evidence in the record to establish an amount of an inheritance received by appellant or how such inheritance was used for the benefit of the community estate. Finally, with regard to appellant's claim for reimbursement for her toil and talent, the family code specifically provides that "economic contribution" does not include the dollar amount of "the contribution of a spouse of time, toil, talent, or effort during the marriage." Tex. Fam.Code Ann. § 3.402(b)(2) (Vernon 2006). We conclude there is insufficient evidence in the record to support appellant's reimbursement claim. Thus, the trial court did not abuse its discretion in not awarding reimbursement. We overrule issue three.

In the final issue, appellant asserts the trial court erred in failing to grant her name change. Whether a petition for a name change is granted is a matter of judicial discretion. *In re Mayol,* 137 S.W.3d 103, 105 (Tex.App.-Houston [1st Dist.] 2004, no pet.). A trial court abuses its discretion when it acts in an

arbitrary and unreasonable manner or when it acts without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Garner v. Garner,* 200 S.W.3d 303, 306 (Tex.App.-Dallas 2006, no pet.).

Appellant's pleadings requested "her name be changed to her maiden name, Ronwyn Faye Hubner." Appellant failed, however, to include the required statutory information in her request for a name change. *See* TEX. FAM.CODE ANN. § 45.102 (Vernon Supp.2008). *See also In re Mayol,* 137 S.W.3d at 105. Further, appellant did not submit evidence in support of the name change, nor did she make such a request at trial. Accordingly, we conclude the trial court did not abuse its discretion in failing to grant the requested name change. We overrule appellant's fourth issue.

We affirm the trial court's judgment.