Opinion Issued March 11, 2010






 










In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00643-CV






MICHAEL DAVID KITE, Appellant


V.


KENDRA SENJA KITE, Appellee







On Appeal from the 246th District Court

Harris County, Texas

Trial Court Cause No. 2007-59149






MEMORANDUM OPINION

 Appellant, Michael David Kite, appeals the trial court's judgment ordering a
final decree of divorce from appellee, Kendra Senja Kite. Through four issues,
Michael contends that the trial court erred because it (1) failed to make findings of
fact and conclusions of law, (2) abused its discretion in dividing the community
estate, (3) divested him of separate property, and (4) awarded attorney's fees to
Kendra. 

 We reverse the portion of the final decree that divides the marital estate and
remand the case for a new division of the community estate and other appropriate
proceedings. We affirm the decree in all other aspects.

Background

 Michael and Kendra were married on June 26, 1993. They separated in
September 2005, and Kendra filed an Original Petition for Divorce in Montgomery
County, Texas, that was later dismissed for lack of prosecution. Kendra subsequently
filed a separate Original Petition for Divorce in Harris County, Texas, in October
2007. Michael and Kendra reached an agreement on conservatorship and visitation
of their children. 

 On April 28, 2008, the trial court held a bench trial in which both parties
testified. The issues before the trial court encompassed child support, the division of
the marital estate, and the determination of what property, if any, was separately
owned. The trial court divided the property. It awarded Michael all personal
property in his possession, inventory from a former auto tint and alarm business
owned by Michael and Kendra, with the inventory to be sold to pay the IRS for
unpaid taxes totaling $11,623.62, funds from two bank accounts, funds from any
retirement plans associated with Michael, funds from an IRA account, all life
insurance policies or investment accounts in Michael's name, a 2003 Dodge Ram
1500 pick-up truck, three other vehicles, and $5,425.49 from the net sale proceeds of
$18,025.49 from the sale of the marital residence. 

 The trial court awarded Kendra all personal property in her possession, funds
from two bank accounts, funds from any retirement accounts related to her
employment, funds from one IRA account, all life insurance policies or investment
accounts in her name, a 2002 GMC Yukon, and $12,600.00 from the net sale
proceeds of $18,025.49 from the sale of the marital residence. 

Failure to Award Separate Property

 In his third issue, Michael contends the trial court erred in dividing the
proceeds from the sale of the marital residence that the parties lived in during their
marriage. Under the heading "Property," the trial court awarded Michael "[t]he sum
of $5,425.49 from the net sale proceeds of $18,025.49 from the sale of the marital
residence . . ." and awarded Kendra "[t]he sum of $12,600 from the net sale proceeds
of $18,025.49 from the sale of the marital residence . . . ." Michael contends the trial
court erred in dividing the proceeds of the sale of the residence because the marital
residence was his separate property rather than community property.

 In a decree of divorce, a trial court must "order a division of the estate of the
parties in a manner that the court deems just and right." Tex. Fam. Code Ann.
§ 7.001 (Vernon 2006). The court may divide only the parties' community property. 
Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985). Property possessed by either
spouse in the course of marriage is presumed to be community property. Tex. Fam.
Code Ann. § 3.003(a) (Vernon 2006). To overcome the community property
presumption, a party claiming marital property as separate property must prove the
claim with clear and convincing evidence. Id. § 3.003(b) (Vernon 2006). A party
may overcome the presumption by tracing and identifying the separate property. 
Cockerham v. Cockerham, 527 S.W.2d 162, 167 (Tex. 1975). Separate property
includes, among other things, property owned or claimed by a spouse before
marriage. See Tex. Const. art. XVI, § 15 ("All property, both real and personal, of
a spouse owned or claimed before marriage, and that acquired afterward by gift,
devise or descent, shall be the separate property of that spouse. . . ."); Tex. Fam.
Code Ann. § 3.001 (Vernon 2006) (defines separate property as that property owned
by spouse before marriage, acquired during marriage by gift, devise, or descent, or
as recovery for personal injuries sustained during marriage). 

 The characterization of property as community or separate is determined by the
inception of title, i.e., when a party first has a right of claim to the property by virtue
of which title is finally vested. Tex. Fam. Code Ann. § 3.404(a) (Vernon 2006);
Chavez v. Chavez, 269 S.W.3d 763, 767 (Tex. App.--Dallas 2008, no pet.). "Once
separate property character attaches, that character does not change because
community funds are spent to improve the property." Leighton v. Leighton, 921
S.W.2d 365, 367 (Tex. App.--Houston [1st Dist.] 1996, no writ) 

 Any improvements made on separate property, including a residence, are
considered the separate property of the real property owner. Id. However, the marital
estate that makes an economic contribution to property owned by another marital
estate may make a claim for economic contribution with respect to the benefitted
estate. See Tex. Fam. Code Ann. § 3.403(a) (Vernon 2006). (1)

 When a party demonstrates by clear and convincing evidence that property is
separate, a trial court may not divest the party of the separate property. Cameron v.
Cameron, 641 S.W.2d 210, 215-16 (Tex. 1982). We review property-characterization rulings for abuse of discretion. See Chavez, 269 S.W.3d at 766. To
prevail on a mischaracterization challenge, Michael must establish not only that the
trial court erred but that this error caused sufficient harm to constitute an abuse of
discretion. Long v. Long, 234 S.W.3d 34, 38 (Tex. App.--El Paso 2007, pet. denied); 
see Vandiver v. Vandiver, 4 S.W.3d 300, 302 (Tex. App.--Corpus Christi 1999, pet.
denied) (mischaracterization of community property as separate property is not
reversible unless mischaracterization had more than de minimis effect on just and
right division).

 Based on the undisputed evidence at trial, the marital residence was Michael's
separate property. The court admitted into evidence a gift deed, naming "Michael
David Kite, Grantee," which confirms the real property that the marital residence was
built on was Michael's separate property. See Tex. Fam. Code Ann. § 3.001(2)
(Vernon 2006) (property acquired during marriage by gift is characterized as separate
property). Additionally, both Michael and Kendra testified that the real property was
Michael's separate property. This testimony is sufficient evidence to establish the
separate character of the property. See Chavez, 269 S.W.3d at 767 (undisputed
testimony is sufficient evidence to establish separate character of property). In the
absence of any challenge by Kendra at trial, or on appeal, that the real property upon
which the residence was built was gifted to Michael, the real property is Michael's
separate property by virtue of the inception of title rule.

 Because the marital residence was built on Michael's separate property, it is
separate property. See Leighton, 921 S.W.2d at 367 (any improvements made on
separate property, including residence, are considered separate property of land
owner); see also In re Marriage of Morris, 123 S.W.3d 864, 871 (Tex.
App.--Texarkana 2003, no pet) (stating separate property's character does not change
despite use of community funds to improve property). Although the residence was
sold before trial, the net proceeds from the sale of the residence retain its separate
property character because the proceeds represent the equity from the sale of the
house. See Cockerham, 527 S.W.2d at 167-68 (separate property will retain its
character through series of exchanges so long as party asserting separate ownership
can trace assets on hand during marriage back to property that is separate in
character); see also Chavez, 269 S.W.3d at 767 (holding trial court did not abuse its
discretion by not requiring appellee to trace funds where there was undisputed
testimony that residential property in question was separate property).

 Because community funds were expended to improve Michael's separate
property, the community estate was entitled to a claim for economic contribution. 
Kendra, however, did not present adequate evidence to calculate economic
contribution. See Hailey v. Hailey, 176 S.W.3d 374, 388 (Tex. App.--Houston [1st
Dist.] 2004, no pet.) (spouse seeking economic contribution bears burden of proving
that claim); see also Tex. Fam. Code Ann. § 3.403(b), (b-1)(2) (Vernon 2006) (to
calculate claim for economic contribution to separate property there must be evidence
of: (1) net equity of separate property as of date of first economic contribution to
property by community estate or by separate property estate of other spouse; (2)
amount(s) of economic contributions (if any) by (a) other spouse's separate property
estate, (b) community property estate, and (c) separate property estate of spouse who
owns benefitted separate property; and (3) net equity of separate property as of date
of divorce). Kendra did testify that they built the house on the separate property
using only funds from the community estate and paid the mortgage with the
community estate. Kendra, however, failed to provide specific testimony describing
the value of contribution by the community estate. See id. § 3.403(b), (b-1)(2) 
(listing factors needed to calculate value of contribution made by marital estate). 
Furthermore, although she claims she could not determine the value of the separate
property because Michael did not provide that information to her, she could have
proven the value through some source other than Michael. Kendra failed to prove the
amount contributed by the community estate to establish the claim for economic
contribution.

 Although it is unclear whether the trial court considered the proceeds from the
sale of the residence to be separate property or community property, we conclude that
in either event the division of the property was erroneous. To the extent that the trial
court treated the proceeds as community property, it erred because, as explained
above, the proceeds can be traced back to Michael's separate property. See Cameron,
641 S.W.2d at 215-16. To the extent that it treated the proceeds as separate property,
the trial court erred because the divestiture was more than de minimis as the residence
represented the main asset of the parties. See Vandiver, 4 S.W.3d at 302; see also
Evans v. Evans, 14 S.W.3d 343, 347 (Tex. App.--Houston [14th Dist.] 2000, no pet.)
("When the court mistakenly characterizes property that constitutes the main asset of
the parties, the error is of such a magnitude that it materially affects the just and right
division of the community estate."). 

 We hold the trial court erred in divesting Michael of his separate property. 
This necessitates remand for a new division of the community estate. See Jacobs, 687
S.W.2d at 732; Bufkin v. Bufkin, 259 S.W.3d 343, 350-51 (Tex. App.--Dallas 2008,
pet. denied). We sustain Michael's third issue.

 Having determined the case must be remanded for a new division of the
community estate, we overrule Michael's first issue that challenges the trial court's
refusal to issue the findings of fact and conclusions of law because he has been able
to present his appeal without those findings. See, e.g., White v. Harris-White, No. 01-07-00521-CV, 2009 WL 1493015, at *7 (Tex. App.--Houston [1st Dist.] May 28,
2009, pet. denied) (mem. op., not designated for publication) (holding trial court's
failure to make requested findings of fact and conclusions of law harmless because
appellant was able to present his case on appeal concerning value of community
estate). We also do not reach Michael's second issue concerning the entire division
of the community assets and the fourth issue concerning the award of attorney's fees
because we are remanding the division of the community estate for reconsideration
by the trial court. See Carle v. Carle, 149 Tex. 469, 474, 234 S.W.2d 1002, 1005
(Tex. 1950); Phillips v. Phillips, 296 S.W.3d 656, 673 (Tex. App.--El Paso 2009, pet.
denied) (award of attorney's fees in divorce action is treated as part of fair and just
division of marital estate). 

Conclusion

 We reverse the portion of the final decree of divorce that divides the marital
estate. We remand for a new division of the community estate and other appropriate
proceedings. We affirm the final decree of divorce in all other aspects.




 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack, and Justices Alcala and Higley.
1. The statute providing for claims based on economic contribution has recently been
repealed. Tex. Fam. Code Ann. § 3.403, repealed by Act of May 29, 2009, 81st Leg.,
R.S., ch. 768, § 11(3), 2009 Tex. Gen. Laws 1950, 1953 (eff. Sept. 1, 2009). The
repealed text of this statute is effective for this case because it was filed before
September 1, 2009.