**Affirmed and Opinion Filed April 22, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00798-CV

**DAVID FLORES, Appellant**
**V.**
**BLANCA FLORES, Appellee**

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-17367**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Francis

David Flores (Husband) appeals the property division in his divorce case. In his sole issue, Husband argues the trial court erred in awarding a disproportionate share of the community estate to Blanca Flores (Wife). We affirm.

Wife sued Husband for divorce after more than thirty-two years of marriage. In her petition, Wife sought a disproportionate share of the community estate based on fraud on the community estate and the parties' disparity of earning power, among other allegations. Husband countersued and also sought a disproportionate share of the community estate.

At trial, Wife presented evidence that Husband had transferred the title to three properties in Mexico, acquired during the marriage, into Husband's name only or into the names of their adult children, all without her knowledge or consent. Two of the properties were land only,

while the third included a house. Wife offered, and the trial court admitted over objection, Spanish-language documents reflecting appraisals on the three Mexican properties.[1]

Husband admitted he and Wife purchased the three properties in Mexico during the marriage and that he had "changed" the title to put the properties into their children's names, although he said it was a decision "made by both of us." Husband said he gave someone the power of attorney to make the transfer and acknowledged there was no document signed by Wife agreeing to the action, which he said was "not required in Mexico." Wife valued the three properties at $175,000, and Husband valued them at about $50,000.

Other evidence at trial showed the only real property owned by the couple in Texas was their marital residence in Garland. Evidence showed the home was valued at about $99,000, but was encumbered by about $81,500 in debt, leaving some $17,500 in equity. In addition to their house, both owned vehicles, and Wife had a retirement account with a current value of about $30,000. Finally, Wife testified Husband earned twice as much as she did monthly. Wife did not finish high school, and Husband graduated from high school and also attended college.

After hearing the evidence, the trial court awarded the marital home and corresponding debt to Wife. Wife also received 60% of her retirement account benefits and Husband received the remaining 40%. Further, Husband was awarded his two vehicles, and Wife was awarded her vehicle. Each party was assessed the debt he or she had incurred since March 30, 2011.

In making its division, the trial court noted it could not divide the Mexican properties although they constituted part of the marital estate. The trial court told the parties that Husband's testimony alone suggested the transfer of the properties was "underhanded, at best." The trial court stated it made its division of property based upon fraud on the community "as

---

[1] A similar document was admitted regarding a fourth property, which Wife testified belongs to her mother but Husband changed the title to his name.

evidenced by the testimony from Mr. Flores" as well as the disparity of earning power. The final decree of divorce contained the division of property. After Husband's motion for new trial was overruled by operation of law, he appealed.

A trial court is afforded wide discretion in dividing marital property upon divorce and, absent abuse of discretion, we will not disturb its decision. *Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.). We indulge every reasonable presumption in favor of the trial court's proper exercise of discretion in dividing the community estate. *Id*. We reverse only if the record demonstrates the trial court clearly abused its discretion, and the error materially affected the just and right division of the community estate. *Id*. In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *Id*.

A trial court is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. TEX. FAM. CODE ANN. § 7.001 (West 2006). The trial court is not required to divide it equally, but may order an unequal division when a reasonable basis exists for doing so. One such basis is fraud on the community. *See Schlueter v. Schlueter*, 975 S.W.2d 584, 588 (Tex. 1998) ("Texas recognizes the concept of fraud on community, which is a wrong by one spouse that the court may consider in its division of the estate of the parties and that may justify an unequal division of the property."). Additionally, a trial court may consider the disparity of incomes or of earning capacities of the parties in dividing their estate. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981).

In his sole issue, Husband argues the trial court erred by awarding Wife a disproportionate share of the community estate because its finding of fraud on the community is unsupported by the evidence. In particular, he contends the court impermissibly relied on the

Spanish-language documents that were not certified or translated, and no Mexican law was "referenced, cited, or argued as to the disposition of community property during a divorce."

Although appellant asserts the Spanish-language documents were inadmissible, he has failed to present any authority to support his contention. Nor does he explain why Mexican law would be pertinent to the trial court's determination of a "just and right" division of property. But even assuming the documents were not admissible, any error was harmless because the trial court had other evidence that Husband committed fraud on the community by transferring the title to properties into his name only or into to the names of third parties. Specifically, Wife testified Husband had transferred ownership in the properties, all acquired during the marriage, without her consent or knowledge. And, Husband admitted he transferred the title to the properties into the names of their children. Although Husband testified Wife agreed to the transfer, the trial court made any credibility determinations.

Additionally, the evidence showed a disparity in earning power of Husband and Wife, and Husband does not challenge this basis for the trial court's division. Specifically, the evidence showed Husband earned twice as much as Wife and was more educated, which the trial court could have concluded put him in a better earning position.

Having reviewed the record, we conclude Husband has not shown the trial court abused its discretion in making a "just and right" division of the community property. We overrule his sole issue.

We affirm the trial court's final decree of divorce.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

140798F.P05

–4–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DAVID FLORES, Appellant

No. 05-14-00798-CV        V.

BLANCA FLORES, Appellee

On Appeal from the 330th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-13-17367.
Opinion delivered by Justice Francis;
Justices Fillmore and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Blanca Flores recover her costs of this appeal from appellant David Flores.

Judgment entered April 22, 2016.