

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00052-CV
_____

IN THE MATTER OF THE MARRIAGE OF EDWARD LAWRENCE CASSEL
AND SHARON ANN CASSEL

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2017-523,808, Honorable John C. Grace, Presiding

October 22, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Sharon Ann Cassel, appeals the trial court's characterization of an asset as separate property and the property division incident to her divorce from appellee, Edward Lawrence Cassel. We affirm the judgment of the trial court.

BACKGROUND

Sharon and Edward were married in 1999.[1] They had one child born during the marriage, Brittany.[2] Edward filed a petition for divorce in January of 2017, seeking,

---

[1] We refer to the parties by their first names to avoid confusion.

[2] Brittany became an adult during the pendency of the divorce.

among other things, confirmation of two properties as his separate property and a just and right division of the community estate.  Sharon responded by filing a counter-petition for divorce, including a claim for reimbursement to the community estate from Edward's separate estate, a claim for reconstitution of the community estate for fraud committed by Edward, and post-divorce maintenance.  A final decree of divorce was filed on January 17, 2024, following a bench trial.  In response to Sharon's request, the trial court issued written findings of fact and conclusions of law.

In this appeal, Sharon challenges the trial court's (1) determination that the 69th Street house is Edward's separate property, and (2) division of the community property.

## STANDARD OF REVIEW AND APPLICABLE LAW

A trial court's characterization of property and division of a marital estate is reviewed for abuse of discretion.  *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *In re Marriage of Stegall*, 519 S.W.3d 668, 673−74 (Tex. App.—Amarillo 2017, no pet.).  A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules and principles.  *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).  However, the mere fact that a trial judge may decide a matter within its discretionary authority in a different manner than an appellate judge would in a similar situation does not demonstrate that an abuse of discretion has occurred.  *Sw. Bell Tel. Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex. 1965) (citing *Jones v. Strayhorn*, 321 S.W.2d 290, 295 (Tex. 1959)).

When we review a family law case under the abuse of discretion standard, challenges to the sufficiency of the evidence do not constitute independent grounds of error but are relevant factors in determining whether the trial court abused its discretion.

2

*Van Hooff v. Anderson*, No. 07-14-00080-CV, 2016 Tex. App. LEXIS 466, at *8 (Tex. App.—Amarillo Jan. 14, 2016, no pet.) (mem. op.) (citing *Boyd v. Boyd,* 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.)).  In determining whether the trial court abused its discretion by deciding an issue without sufficient evidentiary support, "we engage in a two-pronged inquiry: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion[.]"  *Boyd*, 131 S.W.3d at 611.  When, as here, the trial court issues findings of fact and conclusions of law, we will defer to the trial court's findings and conclusions if there is some evidence to support them.  *Guerrero v. Guerra*, 165 S.W.3d 778, 784 (Tex. App.—San Antonio 2005, no pet.).

In a decree of divorce, a trial court must order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party.  TEX. FAM. CODE ANN. § 7.001.  The court may divide only the spouses' community property.  *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985).  Community property is property, other than separate property, acquired by either spouse during marriage.  TEX. FAM. CODE ANN. § 3.002.  Property of a spouse owned before marriage as well as property acquired during marriage by gift, devise, or descent is the separate property of that spouse.  TEX. CONST. art. XVI, § 15; TEX. FAM. CODE ANN. § 3.001(2).[3]  It is presumed that property possessed by either spouse during or on dissolution of marriage is community property rather than separate property.  § 3.003(a).  A party claiming that property is separate property must prove the necessary facts by clear and convincing evidence.

---

[3] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ __."

3

§ 3.003(b). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007. When the burden of proof at trial is by clear and convincing evidence, we apply a higher standard of legal and factual sufficiency review. *In re J.F.C.,* 96 S.W.3d 256, 265–66 (Tex. 2002). In a legal sufficiency review, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *Id.* We will sustain a factual insufficiency point only if the factfinder "could not have reasonably found the fact was established by clear and convincing evidence." *Tate v. Tate*, 55 S.W.3d 1, 5 (Tex. App.—El Paso 2000, no pet.).

## ANALYSIS

Characterization of 69th Street Property

Sharon's first issue[4] challenges the trial court's determination that the house located at 5607 69th Street is the separate property of Edward. She takes issue with the trial court's characterization of the property because she claims that Edward failed to provide any documentary or other corroborating evidence to support his testimony that he inherited the property.

To overcome the community property presumption, Edward had to establish the character of the 69th Street property through clear and convicing evidence. § 3.003(b).

---

[4] In the "issues presented" section of her brief, Sharon lists a third issue: "Whether the trial court erred in conducting independent research of any probate matter involving John Mack Cassel." Sharon does not present any analysis, discussion, or support for her third issue. As such, Sharon has waived this issue, and we will not address it. *See In re A.H.S.,* 676 S.W.3d 355, 358 n.3 (Tex. App.—Tyler 2023, pet. denied).

4

Edward testified that his parents, Ima Jean and John, owned the 69th Street house and lived there when Ima Jean died in 2014. After her death, her estate was inherited by his father, John. In 2016, John moved from the 69th Street house into Edward and Sharon's marital residence and helped support them.[5] Edward further testified that John died in December of 2017, and he was John's sole heir. Edward filed a probate action and the entirety of John's estate, primarily consisting of brokerage accounts and the 69th Street house, went to Edward. The court also heard testimony that Edward opened a "John Cassel Estate Checking Account," bearing account number 1369, at Lubbock National Bank. Account 1369 is solely funded by selling securities from John's brokerage accounts and depositing the proceeds into the account. Since John's death, Edward has used the 69th Street house as a rent house and he has paid the property taxes on the 69th Street house out of the estate account. There is no mortgage on the property. As of the October 30, 2023 divorce hearing, John's estate is "tied up" in the probate process and the probate is still pending.

Sharon did not list the 69th Street property in her sworn inventory or her disposition proposal.[6] Instead, she sought a community reimbursement claim against Edward's separate estate for property taxes paid on the 69th Street house.[7] Sharon offered, and the trial court admitted, without objection, a series of "reprinted tax receipts" as of October 9, 2023, from the Lubbock County Appraisal District. Sharon points to a tax receipt

---

[5] The marital residence is located on 54th Street and is the undisputed separate property of Edward.

[6] While Edward did not offer his sworn inventory into evidence, when questioned about the inventory, Sharon confirmed that Edward listed the 69th Street residence as his separate property.

[7] Sharon's reimbursement claim of $107,000 encompassed property identified by Edward as his separate estate, including the 54th Street house ($33,990), the 69th Street house ($20,794), a Metlife disability policy ($47,188), and a safe deposit box ($375).

showing that John paid the taxes on the 69th Street house on October 25, 2017, and lists Edward as the "100%" owner. According to Sharon, if Edward is listed as the owner of the property on the tax receipt prior to John's death, Edward could not have inherited the property. However, the tax receipt is not conclusive evidence of proof of ownership, nor does it demonstrate whether Edward purchased the property or inherited it after John's death. The receipt is evidence of the payment of taxes on the 69th Street property, but it does not show an effective date of ownership that contradicts Edward's claim that he inherited the house upon John's death. We view this evidence as creating a fact issue with regard to ownership which the trial court, as factfinder, was entitled to resolve in favor of Edward. In a bench trial, the court, as factfinder, is the exclusive judge of the witnesses' credibility and the weight given their testimony and is free to resolve any inconsistencies in the evidence. *Iliff*, 339 S.W.3d at 83.

The uncontradicted evidence at trial in this case demonstrated that John owned the 69th Street house upon his death, Edward was John's sole heir, and Edward inherited the 69th Street house upon John's death. This uncontroverted testimony tracing the separate origin of the property is sufficient evidence to establish the separate character of the property. *Chavez v. Chavez*, 269 S.W.3d 763, 767 (Tex. App.—Dallas 2008, no pet.); *Pace v. Pace*, 160 S.W.3d 706, 714 (Tex. App.—Dallas 2005, pet. denied) (spouse's uncorroborated and uncontradicted testimony sufficient to constitute clear and convincing evidence). Based on our review of the entire record and giving due deference to the factfinder's findings, we conclude that the trial court did not err in its determination that the 69th Street house is Edward's separate property. We overrule issue one.

Division of Community Property

In her second issue, Sharon contends that the trial court abused its discretion in dividing the community estate with a disproportionate share of the property awarded to Edward because he did not plead for a disproportionate share of the community estate.[8]

Our review of the record leaves us with a different view of the court's division of the property than is reflected in Sharon's argument on appeal. At the outset, we note that the trial court rejected Sharon's claims of cruelty, reimbursement, reconstitution of the community estate, and post-divorce maintenance. The trial court stated in its findings of fact and conclusions of law that the division of the assets and debts represent a just and right division. *See* § 7.001. Further, the trial court took into consideration the sufficiency of the evidence to establish fault in the breakup of the marriage, benefits from continuation of the marriage, need for future support, wasting of community assets, attorney's fees paid, nature and size of the separate estate of the parties, and allegations of constructive fraud. Sharon contends that the value of the community property as found in the findings of fact and conclusions of law was $27,114.[9] According to Sharon, she received $9,667 compared to the trial court's award to Edward valued at $17,447. However, she fails to include $3,000 in gold coins that Sharon sold while the divorce was pending. The trial court considered this amount in making a just and right division. Moreover, the bulk of the community estate awarded to Edward was the 2017 Nissan Rogue, valued at $11,258, which was awarded to Edward for the "use and benefit" of Brittany, the parties'

[8] Sharon has not cited any caselaw and we have not found any caselaw requiring a specific request to support a disproportionate share award.

[9] This amount does not take into consideration $4,280 in credit card debt acquired during the marriage.

7

daughter who was attending college out of state.[10]  Sharon has not demonstrated that the trial court's property division constituted an abuse of discretion.  *In re Marriage of Bradley*, No. 07-16-00051-CV, 2016 Tex. App. LEXIS 12828, at *16 (Tex. App.—Amarillo Dec. 1, 2016, no pet.) (mem. op.).  From our review of the evidence, considering the allocation of debt in the amount of $4,280 awarded to Edward, the net value of the community property Sharon received was $12,667 compared to $13,167 awarded to Edward.[11]  Sharon has not shown a disparity in the property division of such substantial proportions that it constiuted an abuse of discretion.  *Murff,* 615 S.W.2d at 698.  We overrule Sharon's second issue.

## CONCLUSION

Having overruled both issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

---

[10] Both parties testified that Brittany had possession of and drove the Rogue.  Upon questioning by her attorney, Sharon testified that she did not have any objection to Brittany driving the Nissan Rogue, but she did not intend for the vehicle to be taken out of the community property equation.

[11] The trial court's findings also took into consideration that Edward paid Sharon's first attorney $5,000 in attorney's fees, which is not included in the property division.