

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00152-CV

## IN THE MATTER OF THE MARRIAGE OF
## PEDRO BUSTOS RODRIGUEZ AND MARIA DELUZ RODRIGUEZ
## AND IN THE INTEREST OF A.I.R., A CHILD

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. DC-D202000477

## MEMORANDUM  OPINION

Pedro Bustos Rodriguez appeals from a judgment that granted his divorce and divided the marital estate between him and his wife, Maria Deluz Rodriguez.[1]  Pedro complains that the trial court erred by finding that property he alleged was owned by his father (hereinafter referred to as the "Frazier property") was community property and subject to division, that the trial court abused its discretion in the division of the marital estate, and the trial court erred by not granting his motion for new trial.  Because we find

---

[1] The judgment also established orders regarding the minor child of the marriage, but Husband does not complain about the trial court's rulings as to the child.

no reversible error, we affirm the judgment of the trial court.

**FACTUAL HISTORY**

Husband and Wife were married in 1991. The Frazier property, which is the property at issue, was the residence in which Husband and Wife lived until their separation in 2020. The purchase contract and warranty deed to the Frazier property show that the property was purchased in cash by and was conveyed to "Pedro Rodriguez" in 2003. Neither document references Rodriguez's marital status. Husband's father's name was Pedro Rodriguez Torres.[2]

In 2020, Husband filed for divorce and attempted to serve Wife, but Wife's daughter was erroneously served instead. In the divorce petition, Husband pled for the trial court to divide the community estate of the parties in a just and right manner. Husband was granted a default judgment of divorce when Wife failed to file an answer. In that decree of divorce, he was awarded 100% of the community property in his possession, including all of the oil/gas wells jointly owned by the parties, the community business, and the Frazier property which was specifically listed in the decree of divorce as community property. Husband had signed the final decree of divorce with the heading "Approved as to form and substance." When Wife discovered that the divorce had been granted, she filed a motion for new trial based on the defective service, which

---

[2] Husband's father died intestate in 2010. His estate had not been probated at the time of the trial in this proceeding.

was granted by the trial court. Wife filed a general denial but did not file any other pleadings seeking affirmative relief.

At the trial, the parties agreed that the community-owned oil/gas wells were to be divided equally between Husband and Wife, and that the business was to be divided. Husband asserted that the Frazier property was not property of the marriage but was instead owned by his father. In support of this contention, Husband offered the sales contract and warranty deed for the Frazier property as well as a document that had what Husband testified was a copy of his father's social security number and identification as verification that it was Husband's father who had purchased the Frazier property. Husband argued that he owned no interest in the Frazier property and therefore, the Frazier property was not community or separate property susceptible of division by the trial court in the divorce proceeding.

The sales contract for the Frazier property indicates that the purchaser's name was "Pedro Rodriquez," with a social security number listed. The contract was signed by "Pedro Rodriguez." A copy of Husband's father's government-issued Mexican photo ID of "Pedro Rodriges Torres" and a U.S. social security card in the name of "Pedro Rodriguez" were also admitted into evidence. The social security number on the card matched that on the sales contract. The warranty deed lists "Pedro Rodriguez" as the grantee. Husband argues that this evidence conclusively established that his father was the purchaser of the Frazier property, and that he and Wife own no interest in the

property. Husband and one of his sisters also testified that Husband's father was the purchaser of the Frazier property and that Husband's father had resided there with his wife after the purchase.

Wife disputed Husband's contention that the Frazier property was not community property and testified that Husband had purchased the Frazier property during their marriage using the proceeds of the sale of their previous community property residence as a down payment. Wife testified that the signature on the contract was similar to that of Husband and offered a copy of Husband's driver's license from that period of time to compare the signatures, which was admitted into evidence. Wife also offered and the trial court admitted a copy of a sanitary control easement signed by "Pedro Rodriguez" that was executed in 2004, the year after the Frazier property was purchased. The signature on the easement was similar in appearance to Husband's driver's license from that time. Wife also offered and the trial court admitted a copy of a listing agreement that Wife testified she and Husband had signed in 2006 to list the Frazier property for sale, although they never actually sold the property. That listing agreement included a provision that "Seller has fee simple title to and peaceable possession of the Property and all its improvements and fixtures, unless rented, and the legal capacity to convey the Property." While Husband acknowledged that the signature looked like his on that agreement, he testified that he did not recall entering into the agreement. Wife also offered a copy of a tax lien against Pedro Rodriguez with the same last 4 digits of

Husband's father's social security number from taxes assessed in 2007, a time when Husband's father did not live in the United States nor operate a business. Wife testified that she and Husband lived in the Frazier property residence from the time of the purchase in 2003 with their children until Husband and Wife separated in 2020. Wife also stated that she had not seen Husband's father since the 1990's.

## WAIVER

Husband argues that Wife was required to file pleadings to assert a community property interest in the residence, and that her filing of a general denial was insufficient to preserve any complaint as to the character of the Frazier property. However, a general denial "properly raises the issue of ownership of the property." *Anderson v. Anderson*, 282 S.W.3d 150, 155 (Tex. App.—El Paso 2009, no pet.); *Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.); *see also* Tex. R. Civ. P. 92 ("A general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue."). Thus, Wife's failure to seek affirmative relief did not foreclose her right to challenge Husband's assertion that the Frazier property was not property of the marriage either at trial or on appeal and she was entitled to rely upon the community property presumption because the Frazier property was in the possession of Husband. It was then Husband's burden to present evidence sufficient to overcome the presumption that the residence was community property, whether that would mean it was his separate property, i.e., through gift, devise, or descent, or not property of the

marriage at all.

**STANDARD OF REVIEW**

When a case is tried to the court as in this proceeding and the trial court makes findings of fact, we review the trial court's findings in the same manner as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *In re J.G.S.*, No. 05-18-00452-CV, 2019 Tex. App. LEXIS 508, 2019 WL 336543, at \*2 (Tex. App.—Dallas Jan. 28, 2019, no pet.) (mem. op.). When reviewing an alleged property characterization error, we must determine whether the trial court's finding is supported by clear and convincing evidence and whether the characterization error, if established, was an abuse of discretion. *Sink v. Sink*, 364 S.W.3d 340, 343 (Tex. App.—Dallas 2012, no pet.). In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *See id.* (*citing Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.); *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.)).

The characterization of property as community or separate is determined by the inception of title to the property, i.e., when a party first has a right of claim to the property by virtue of which title is finally vested. *See Sink*, 364 S.W.3d at 344 (*citing* Tex. Fam. Code § 3.404(a); *Chavez*, 269 S.W.3d at 767; *Boyd*, 131 S.W.3d at 612). According to Husband,

the sole question is whether the property is community property, and if not, then the residence is not property owned by either Husband or Wife at all.

The presumption set forth in the Family Code is that "[p]roperty possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAM. CODE § 3.003(a). To overcome the presumption, a party has the burden of rebutting the presumption of community property. *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011) (per curiam) (*citing McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex. 1973)). To do so, the party must trace and clearly identify the property in question by clear and convincing evidence. *See id.* (*citing* TEX. FAM. CODE § 3.003(b)).

Husband argues that the contract bearing the social security number that he and his sister contended is that of his father, taken with the testimony of him and his sister that his father was the purchaser of the property, should be conclusive evidence that the property was purchased by his father and was not community or separate property of either Husband or Wife susceptible to division in the divorce proceeding. However, there was evidence that someone other than Husband's father, potentially Husband, was using the father's social security number at times the father was not residing in the United States.

In response, Wife argues that her testimony that she believed that Husband had signed the paperwork and that the down payment was made with funds from the sale of Husband and Wife's residence, taken with the similar signatures of Husband and "Pedro

Rodriguez" on the sales contract, create a question as to which "Pedro Rodriguez" was in fact the signatory on the sales contract for the Frazier property. Wife further argues that the real estate listing agreement admitted into evidence for the Frazier property that had been signed by Husband and Wife as sellers with the right to convey title in 2006 to list the Frazier property for sale constituted evidence that the Frazier property was community property.

**TRIAL COURT'S JUDGMENT AND FINDINGS OF FACT**

The trial court determined that the Frazier property was community property and divided it equally between Husband and Wife. Upon the request of Husband, the trial court signed findings of fact and conclusions of law. The trial court's findings were as follows:

> i. Petitioner did not present clear and convincing evidence to overcome the community property presumption.
> ii. Respondent presented testimony and evidence that caused the Court to doubt Petitioner's claim that the marital home was his separate property.
> iii. Petitioner did not present evidence that the marital home was acquired through devise or decent.
> iv. Petitioner did not present testimony or evidence of inception of title of the marital home or tracing.
> v. The testimony of Respondent rebutted any claim that the marital home was inherited from Petitioner's father.
> vi. Petitioner did not present any evidence to show a transfer from his father to himself.
> vii. At trial Petitioner gave testimony that insinuated the marital home was a gift from his father. However, in his affidavit attached to his Motion for New Trial he claims it was inherited.
> viii. Petitioner provided zero testimony or evidence regarding his father's intent to gift him the marital home, how the property was delivered, or Petitioner's acceptance of the gift.

ix. Petitioner testified that his father (who has the same name) came to Texas to sign the purchase agreement for the marital home. However, Petitioner contradicted/impeached himself on the stand several times regarding this issue.

x. Respondent presented testimony that also caused the Court to doubt the existence of a gift.

xi. Without evidence to rebut the community property presumption, Petitioner cannot prevail on his Motion for New Trial or Motion to Reconsider.

xii. The Final Decree of Divorce was a just and fair distribution of property and correctly characterized the marital home as community property.

On appeal, he challenges the sufficiency of the evidence to support each of these findings. Wife argues that these findings are supported by the evidence and sufficient to establish the trial court's determination that the residence was community property.

ANALYSIS

The trial court's findings of fact demonstrate that the trial court did not find that Husband and his sister's testimony were credible that the Husband's father was the purchaser of the Frazier property, and there was sufficient evidence for the trial court to have made the determination that the community presumption applied to whatever interest in the Frazier property the Husband owned, as he made no contention that he had a separate property interest in the property and Husband and Wife were in possession of the property during the marriage and Husband remained in possession of the property at the time of the trial. We find that, based on the evidence before it, the trial court did not err in its determination that the property was community property. *See Hickman v. Gilllum*, 1 S.W. 339, 340 (Tex. 1886) ("And when, as in this case, the grantee of

land has a name which is borne by two persons, the fact that one of these has claimed the land continuously from the date of the grant, and exercised acts of ownership over it for a long series of years, and the other has done nothing of the sort during the whole of the time, affords strong evidence that the former was the person intended to be named in the grant."). We overrule issue one.

### DIVISION OF THE MARITAL ESTATE

In his second issue, Husband argues that the trial court abused its discretion in dividing the marital estate because its findings of fact and conclusions of law do not support the judgment, the trial court failed to enter proper findings of fact and conclusions of law upon proper request, and the "marital residence" was mischaracterized as community property.

Husband argues that he filed a timely objection to the trial court's findings of fact and conclusions of law, but such an objection is not part of the clerk's record requested or filed as part of the appellate record. Husband disagrees with all of the trial court's findings of fact and alleges that the conclusions of law are insufficient because they merely recite the family code. Husband also again argues that Wife's lack of pleadings and her testimony, which he argues should be entirely discounted, does not constitute evidence that would be sufficient to support the trial court's judgment. We disagree. We have expressed above that Wife's lack of pleadings does not prevent her from presenting evidence to contest an allegation that property in the possession of Husband at the time

of the divorce is not community property or is his separate property. Moreover, Wife could present evidence to support and defend the community property presumption. We have also expressed above that there was sufficient evidence for the trial court to have found that the Frazier property was community property.

Husband argues that because the Frazier property was improperly characterized as community property divesting him of his separate property, and thus resulted in an abuse of discretion in the just and right division of the marital estate.[3] However, because we have found that the trial court did not err in the characterization of the Frazier property, we overrule issue two.

**DENIAL OF MOTION FOR NEW TRIAL**

In his third issue, Husband argues that the trial court erred by denying his motion for new trial because the evidence was legally and factually insufficient to support the judgment. Husband argued that the trial court's determination that the Frazier property was community property created a cloud on the title and that there were necessary parties that should have been joined. Husband attached an affidavit to his motion for new trial stating that his father owns the property, his father died intestate in 2010 and his mother died intestate in 2020. Husband further averred that no probate or heirship proceedings had taken place as to either the Husband's mother or father's estates and that

---

[3] Husband has argued in his other issues that the Frazier property was not his separate property, and did not argue this in the alternative in the event this Court were to find that his father was not the owner of the property.

the property was owned by their estates.[4]

Shortly before the hearing on the motion for new trial, Husband's sister who testified at the trial filed a petition in intervention seeking to be joined as a party asserting ownership in the Frazier property.[5] The trial court did not grant the intervention because there was already a final judgment and the potential intervenor has not challenged that assertion.

No evidence was presented at the motion for new trial hearing. The trial court took judicial notice of the existence of the contents of the file and heard the arguments of counsel. The trial court denied the motion in a later order.

Rule of Civil Procedure 320 states in relevant part that "[n]ew trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct." TEX. R. CIV. P. 320. Husband asserts that the trial court should have at least granted a partial new trial as to the property and that there were now third parties who should have been joined. Husband argues that because the intervenor and other parties were not allowed to participate even though they should have been, the trial court erred by denying the motion for new trial.

---

[4] The parties have not briefed the relevant law of descent and distribution applicable to these estates.

[5] The sister, as a putative intervenor, did not appeal and is not a party to this appeal. Her petition in intervention asserts that the Husband's father was never married and had 9 children at the time of his death. The petition asserts that according to the laws of intestate succession in Texas (if they apply to a citizen of Mexico, an issue we do not address), Husband would own a 1/9 interest in the property which would be his separate property, a claim Husband has not adopted. Husband did not plead a claim for any property to be designated as separate.

At trial, in the motion for new trial, and on appeal, Husband attempts to place the onus upon Wife for the failure to plead that the Frazier property was community property. We have already found that it was not necessary for her to do so. Further, Husband was the petitioner in the divorce and the first judgment entered by default awards the Frazier property, which was found to be community property, to Husband as his sole and separate property as part of the original property division, which was later set aside. At the first setting of the final hearing for the divorce, it was Husband who offered the documents into evidence to attempt to establish that the property was not property of the marital estate during his case-in-chief. He later attempted to convince the trial court that he was unable to join the parties or otherwise challenge the assertion of the community status of the property, which the trial court could have found disingenuous.

Whether to grant or deny a motion for new trial is an issue within the trial court's discretion, and the trial court's action will not be disturbed on appeal absent an abuse of discretion. *In re J.P.*, 365 S.W.3d 833, 836 (Tex. App.—Dallas 2012, no pet.); *Strong v. Strong*, 350 S.W.3d 759, 772 (Tex. App.—Dallas 2011, pet. denied). There was no newly discovered evidence presented by Husband in his affidavit sufficient to establish an abuse of discretion if found to be true. The trial court did not abuse its discretion in denying Husband's motion for new trial. We overrule issue three.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed December 30, 2024
[CV06]

