**Opinion issued November 1, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00590-CV

————————————

## IN RE PATRICK KENT LINDSAY JONES, Appellant

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-03502**

---

## O P I N I O N

Appellant Patrick Kent Lindsay Jones appeals from orders denying his petition for a change of name and motion for new trial. Concluding that Patrick failed to comply with the statutory requirements for a change of name, *see* TEX. FAM. CODE ANN. § 45.102 (West 2014), we hold that the trial court did not abuse

its discretion in denying Patrick's petition and motion for new trial. Therefore, we affirm.

## Background

In January 2015, Patrick Kent Lindsay Jones, appearing pro se, filed a verified form petition for a change of name in the trial court. In the petition, Patrick asked that the trial court change his name from "Patrick Kent Lindsay Jones" to "Patrick Joseph LeBaron." Patrick represented that he wanted to change his name to prevent alleged identity theft and harassment from his father, Allen Kent Jones. Patrick further represented that he had never been convicted of a felony that had not been pardoned, had never been charged with an offense above a Class C misdemeanor, and was not required to register as a sex offender.

In April 2015, Patrick filed an unverified proposed form order granting him a change of name. In the proposed order, Patrick changed his name to "Patrick Charles Duval" instead of "Patrick Joseph LeBaron" and disclosed a charge for reckless driving, a Class B misdemeanor.[1]

After Patrick filed his proposed order, the trial court signed and entered a different order denying Patrick's petition. In the order, the trial court found that Patrick had "misrepresented his criminal history in his sworn to and subscribed original petition for name change."

---

[1] *See* TEX. TRANSP. CODE ANN. § 545.401 (West. 2011).

In May 2015, Patrick filed a motion for new trial. He attached a sworn affidavit to the motion as evidence "that he did not intentionally misrepresent his criminal history" in his petition. In his affidavit, Patrick stated that he was unaware that reckless driving was a Class B misdemeanor when he prepared his petition, and, as a result, inadvertently failed to disclose the charge in his petition. Patrick argued that his affidavit proved that he did not intentionally misrepresent his criminal history and therefore did not waive his right to a name change. He requested that the trial court set aside its order and grant a new trial on his petition for a change of name. The trial court denied Patrick's motion for new trial.

Patrick appealed.

## Discussion

In seven points of error, Patrick argues that the trial court erred in denying his petition for a change of name.

Whether a petition for a change of name is granted is a matter of judicial discretion. *In re Mayol*, 137 S.W.3d 103, 105 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles—i.e., whether the trial court acted arbitrarily or unreasonably. *Id.* The mere fact that a trial court may decide a matter within its discretionary authority in a manner different from an appellate

judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

The guiding rules and principles for determining whether to grant or to deny a petition requesting a change of name are found in Texas Family Code, chapter 45. TEX. FAM. CODE ANN. §§ 45.101–45.107 (West 2014). Section 45.101 grants an adult the right to "file a petition requesting a change of name in the county of the adult's place of residence." *Id.* § 45.101.

Section 45.102 sets forth the requirements of such a petition. *Id.* § 45.102. Subsection (a) requires the petition to be verified and to include: (1) the present name and place of residence of the petitioner; (2) the full name requested for the petitioner; (3) the reason the change in name is requested; (4) whether the petitioner has been the subject of a final felony conviction; (5) whether the petitioner is subject to the registration requirements of sex offenders; and (6) a legible and complete set of the petitioner's fingerprints on a fingerprint card format acceptable to the Department of Public Safety and the Federal Bureau of Investigation. *Id.* § 45.102(a).

Subsection (b) lists additional information that the petition must include or provide a reasonable explanation for not including. *Id.* § 45.102(b). Included among such information is "any offense above the grade of Class C misdemeanor for which the petitioner has been charged[.]" *Id.* § 45.102(b)(2).

4

Section 45.103 sets forth the circumstances under which a trial court must order a change of name:

> The court shall order a change of name under this subchapter for a person other than a person with a final felony conviction or a person subject to the registration requirements of Chapter 62, Code of Criminal Procedure, if the change is in the interest or to the benefit of the petitioner and in the interest of the public.

*Id*. § 45.103(a).

Here, based on the evidence presented, we conclude that the trial court did not abuse its discretion in denying Patrick's name change request. The evidence shows that Patrick did not disclose his reckless driving charge in his verified petition. Instead, he disclosed the charge in his unverified proposed order.[2] Section 45.102 requires that mandatory disclosures relating to the petitioner's criminal history, such as the disclosure of Patrick's reckless driving charge, be made in a verified petition. *Id.* § 45.102. By disclosing his reckless driving charge in his unverified proposed order, Patrick failed to comply with the statutory requirements for a change of name.

---

[2]  In his brief, Patrick alleges that, at a hearing on his petition, the trial court permitted him to disclose his reckless driving charge in his unverified proposed order instead of his verified petition. However, the record does not include a transcript of the hearing or any other evidence supporting Patrick's allegation. *See Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (appellate courts "do not consider factual assertions that appear solely in briefs and are not supported by the record"); TEX. R. APP. P. 38.1(g), (i).

Further, there is no evidence that the reckless driving charge was the only relevant part of Patrick's criminal history that he failed to disclose in his verified petition. *Id.* § 45.102(a)(4)–(5), (b)(2)–(3). There is no evidence that Patrick's verified petition included a set of fingerprints. *Id.* § 45.102(a)(6). And there was a discrepancy between the change of the name requested in Patrick's petition and the change of name in his proposed order.[3] *Id.* § 45.102(a)(2).

Thus, Patrick has failed to show that he complied with the statutory requirements for a change of name. Rather, the record shows the opposite—that Patrick did not make all the mandatory disclosures in and include all the necessary information with his verified petition. Accordingly, we hold that the trial court did not abuse its discretion in denying Patrick's petition for a change of name and motion for new trial.[4]

---

[3] Patrick's petition asks that his name be changed to "Patrick Joseph LeBaron" whereas his proposed order changes his name to "Patrick Charles Duval."

[4] We note that nothing on the face of Family Code, chapter 45, prevents Patrick from refiling a petition that satisfies the requirements set forth in section 45.102.

## Conclusion

We affirm the trial court's orders.

Evelyn V. Keyes
Justice

Panel consists of Justices Jennings, Keyes, and Brown.