

# NUMBER 13-22-00254-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MELISSA MARIE LARA PEREZ

On appeal from the 267th District Court
of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Melissa Marie Lara Perez appeals the trial court's ordering denying her petition for an adult name change. By what we construe as two issues, Perez argues the trial court erred by: (1) not providing her an opportunity to explain the reason for her name change request; and (2) denying her request "based on [the trial court's] personal belief" even though she complied with the applicable statutes. *See* TEX. FAM. CODE ANN. §§ 45.101–45.107. We affirm.

## I.   BACKGROUND

Perez, an adult, filed a verified original petition to change her name. Perez's petition included her current name, current place of residence, the name that she was seeking the change to, the reason for her request, confirmation that she has not been charged with a class A or B misdemeanor or felony, and a complete set of fingerprints along with a Texas Department of Public Safety report showing that she has no criminal history in Texas. *See id.* § 45.102(a). Perez also included most of the demographic information required but left her race blank. *See id.* § 45.102(b).

Perez sought to change her name to this symbol[1]:



Perez stated that requested the change because "[t]he new name has a very spiritual meaning to [her]." *See id.* § 45.102(a)(3). Perez further noted that "[she] now identif[ies] as this person."

At the hearing on her petition, the trial court called the case and immediately notified Perez that it was denying her request, stating: "Ma'am, I've reviewed your petition and I don't believe that is a name and I'm going to deny your petition." This appeal followed.

---

[1] In Perez's brief, she notes that the symbol may be represented through text by typing "**O(+>**". Perez acknowledges that the symbol depicted was first adopted by recording artist Prince Rogers Nelson (Prince). In 1993, Prince issued a press release regarding the adoption of the name wherein he described it as "a symbol with no pronunciation." RUPERT TILL, POP CULT: RELIGION AND POPULAR MUSIC 63 (2010).

## II. STANDARD OF REVIEW

"Whether a petition for a change of name is granted is a matter of judicial discretion." *In re Jones*, 507 S.W.3d 405, 407 (Tex. App.—Houston [1st Dist.] 2016, no pet.). To determine whether a trial court abused its discretion, we look to whether "the trial court acted without reference to any guiding rules and principles—i.e., whether the trial court acted arbitrarily or unreasonably." *Id.* An appellate court cannot find that a trial court abused its discretion merely because it would have exercised its discretionary authority differently than the trial court. *Id.* When findings of fact and conclusions of law are not requested or filed, we presume the trial court made all findings necessary to support its judgment, and we will affirm the ruling on any basis supported by the record. *See Point Lookout W. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987) (per curiam); *see also In re Gallagher*, No. 05-20-00128-CV, 2021 WL 526336, at *3 (Tex. App.—Dallas Feb. 12, 2021, no pet.) (mem. op.); *In re Muse*, No. 09-17-00388-CV, 2018 WL 1097668, at *1 (Tex. App.—Beaumont Mar. 1, 2018, no pet.) (mem. op.).

## III. APPLICABLE LAW

Chapter 45 of the Texas Family Code governs the request for a name change of an adult. *See* TEX. FAM. CODE ANN. §§ 45.101–45.107. Section 45.102 requires that the petition be verified and include certain personal and demographic information. *Id.* § 45.102. Among the information required is "whether the petitioner has been the subject of a final felony conviction" and "whether the petitioner is subject to the registration requirements of Chapter 62, Code of Criminal Procedure [(sex offender registration)]." *Id.* § 45.102(a)(4), (5); *see generally* TEX. CODE CRIM. PROC. ANN. ch. 62.

3

The court shall order a change of name under this subchapter for a person other than a person with a final felony conviction or a person subject to the registration requirements of Chapter 62, Code of Criminal Procedure, if the change is in the interest or to the benefit of the petitioner and in the interest of the public.

TEX. FAM. CODE ANN. § 45.103(a). What constitutes "the interest or . . . benefit of the petitioner [or] . . . the interest of the public" is not described by the applicable statutes.

While a petitioner's "own proper reasons" and conscientious feelings about the necessity of being known as and referred to by a specific name may be sufficient reasons to support a name change, a petitioner does not have the absolute right to a name change by court order. *In re Erickson*, 547 S.W.2d 357, 359 (Tex. App.—Houston [14th Dist.] 1977, no writ); *In re Evetts*, 392 S.W.2d 781, 784 (Tex. App.—San Antonio 1965, writ ref'd). For example, "[i]mposition by assuming the name of a celebrity or other well-known entity . . . may negate the right to a legal change of name." *See In re Erickson*, 547 S.W.2d at 359.

Further, where the requirements of § 45.103 are not satisfied, a petitioner's religious motivation does not require a trial court to grant a name change. *See Matthews v. Morales*, 23 F.3d 118, 119–20 (5th Cir. 1994); *see also In re Gallagher*, 2021 WL 526336, at *3; *In re Barnes*, No. 13-13-00685-CV, 2015 WL 2452614, at *3 (Tex. App.—Corpus Christi–Edinburg May 21, 2015, no pet.) (mem. op.).

## IV.    ANALYSIS

By her first issue, Perez complains that the trial court "immediately denied the [n]ame [c]hange upon [her] approach to the bench and did not allow [her] to explain the reason for the name request." In other words, Perez complains that the trial court denied her the benefit of a hearing. However, Perez cites to no authority that requires the trial

court to provide a hearing on a request for name change and we have found none. *Compare* TEX. FAM. CODE ANN. § 45.103, *with id.* § 159.611 (allowing a court to modify an out-of-state child support order "after notice and hearing" if certain conditions are met), *and* TEX. BUS. ORG. CODE ANN. § 101.456(b) (allowing a trial court to rule on discovery matters for derivative actions "after notice and hearing"). A petitioner is required to state "the reason the change in name is requested" in her petition and Perez did so. *See* TEX. FAM. CODE ANN. § 45.102(a)(3). The trial court was able to consider Perez's petition without reiterating her reason through testimony. Thus, Perez's first issue is overruled.

By her second issue, Perez complains that the trial court determined "that [she] was not requesting a valid name based on [the trial court's] personal belief," rather than "based on the statute." By her third issue, Perez contends that she satisfied all the requirements to obtain the adult name change. We construe these issues together as arguing that the trial court abused its discretion in denying Perez her requested name change despite meeting the statutory requirements.

As Perez acknowledges, the symbol to which she seeks to change her name was originally adopted by pop star Prince. In her petition, Perez identified the reason for her requested change as "[t]he new name has a very spiritual meaning to [her]." While we do not doubt the sincerity of Perez's intention, "[i]mposition by assuming the name of a celebrity or other well-known entity . . . may negate the right to a legal change of name." *See In re Erickson*, 547 S.W.2d at 359.

Although Perez does not directly cite to the First Amendment, strongly held religious beliefs do not require a trial court to grant a name change when the requirements

5

of § 45.103 have not been satisfied. *See* TEX. FAM. CODE ANN. § 45.103(a); *Matthews*, 23 F.3d at 119–20; *see also In re Barnes*, 2015 WL 2452614, at *3; *In re Gallagher*, 2021 WL 526336, at *3; *see generally* U.S. CONST. amend. I. Among the requirements in § 45.103 is that the name change be "in the interest or to the benefit of the petitioner *and in the interest of the public*." *See* TEX. FAM. CODE ANN. § 45.103(a) (emphasis added). The trial court could have concluded that the name change was not in the interest of the public because the symbol to which Perez seeks the name change has no pronunciation and is not easily replicated through text, which may confuse or frustrate the public, including government entities, such as law enforcement or the Social Security Administration.[2] *See id.; see also* RUPERT TILL, POP CULT: RELIGION AND POPULAR MUSIC 63 (2010); *In re Muse*, 2018 WL 1097668, at *1 (concluding the trial court did not abuse its discretion in denying the petitioner's name change to "Lord Shawn-Lee House of Muse" as only a first name with no surname). Thus, we cannot conclude that the trial court abused its discretion by denying Perez's request to change her name. *See In re Jones*, 507 S.W.3d at 407. Perez's second issue is overruled.

## V.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
25th day of August, 2022.

---

[2] Although Perez may choose to go by any name she wishes, such does not necessarily entitle her to a legal name change.