Opinion issued April 1, 2025



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-23-00677-CV

_____

## IN THE INTEREST OF CHIOMA JULIET AGWUNOBI

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-81823**

## MEMORANDUM OPINION

Appellant Chioma Juliet Agwunobi appeals from the trial court's denial of her pro se petition to change the "status and styled condition" of her name and to "remov[e] and release all disabilities of minority." The trial court concluded Agwunobi is not entitled to relief because she has not actually requested a change to her name and is an adult with no "disabilities of minority." We affirm.

## I.   BACKGROUND

On June 15, 2023, Agwunobi filed a "Bill for Petition for Change of Name of Adult and Removal of Disabilities of Minority."  About two weeks later, on June 30, 2023, Agwunobi filed a "Petition for Change of Name of Adult."  We will refer to these documents collectively as the "Name Change Petition."  Agwunobi requests in her Name Change Petition "to have the styled condition of the minor status known as 'CHIOMA JULIET AGWUNOBI' be changed to 'Chioma Juliet Agwunobi'."  It also states that Agwunobi "require[s] an adult name, that is, a name consistent with the majority status held and enjoyed by complainant and thereby revoking all good breaches of trust, disabilities of minority and other guardian and ward relations, legal or otherwise."

The concluding section of Agwunobi's Name Change Petition, entitled "Prayer for Special Relief," asks that "complainant and her personalities may be removed of their minor disabilities and be united with her estate and other property held in custodianship under other guardian and ward relationships. . . . Complainant prays for this Court to convey, transfer, and decree such a Thing to complainant for it is the intent of the complainant as intended beneficiary to hold such a status and condition in which to conduct acts and forbearances borne from this simple transient event form, she is entitled to hold such an acquisition of majority status."

The reporter's record for this case includes a certified copy of Agwunobi's birth certificate. Agwunobi's birth certificate states that she was born in Houston in 1992 and that her name is "CHIOMA JULIET AGWUNOBI," written in capital letters.

The trial court held a hearing on Agwunobi's Name Change Petition. The court explained that Agwunobi was not requesting a change to her name, but only to spell it using lower case letters, and that "[i]f you wish to spell your name in lower case letters, that is up to you. There is nothing about your name that says you can't do that. There is nothing that I know of under law." The trial court also told Agwunobi that because she is an adult and had presented no evidence of guardianships or similar arrangements, the court was unaware of "any disabilities or minority status that you are under of any kind." The trial court then said, "I don't believe you stated a legal claim that I can grant and that concludes the hearing."

The trial court entered a judgment denying the requested relief, stating "the 'name change' Petitioner requests is the same as the legal name she currently has," and that it "did not hear any evidence that Petitioner is a minor or that she has the disabilities of minority." The judgment states that it "disposes of all claims and parties and is appealable."

At Agwunobi's request, the trial court made findings of fact and conclusions of law.  Relevant here, the trial court found: "At the time of trial Petitioner was 30 years old"; "Petitioner requested that her name be 'changed' to Chioma Juliet Agwunobi"; "[t]here was no evidence presented that Petitioner's name is anything other than Chioma Juliet Agwunobi"; and "[t]here was no evidence presented that Petitioner has the disabilities of minority."  The trial court concluded:  "Petitioner's name is Chioma Juliet Agwunobi"; Petitioner is an adult, Petitioner is not a minor"; Petitioner does not have the disabilities of minority"; "Petitioner is not entitled to relief under Texas Family Code chapter 45 because her name is already Chioma Juliet Agwunobi"; and "Petitioner is not entitled to relief under Texas Family Code chapter 31 because she is not a minor [and] does not have the disabilities of minority."

Agwunobi timely appealed the trial court's judgment.

## II.    Analysis

Agwunobi attempts to raise seven issues on appeal that are largely difficult to comprehend and disconnected from her pleadings and the trial court's findings and conclusions:[1]

---

[1]    Our sister court recently considered an appeal of a trial court's denial of a name-change request in which the petitioner filed pleadings having nearly the same language as the Name Change Petition filed here, and in which the petitioner raised almost verbatim issues on appeal. *See In the Special Interest of Livina Jazelle Luxton*, No. 14-23-00677, 2024 WL 1668079, at *2–3 (Tex. App.—

4

1.    Did the District Court err (make a mistake) in denying Appellant's relief requested to change the "style, status, and condition" of the name pursuant to Title 2, Texas Family Code, Chapter 45, Subchapter B without good cause shown?

2.    Was the administrative record of the Appellant, which began with the vital record being registered while Appellant was in an infant status, "whole, complete, and without omission" when the District Court made the decision not to grant the petition for an adult name change?

3.    Can the Appellant be presumed by the District Court a minor in law (or suffer the prejudices of a minor or ward status), after having attained the age of majority if her administrative record is in plain error?

4.    Can the Appellant be presumed dead, or possibly the "legal representative" of a decedent estate, pursuant to Title 6, Texas Civil Practice and Remedies Code § 133.001 (*see Necessary Contents (g)*) and Title 2, Texas Estates Code §§ 454.001, 454.002, and 454.003 (see *Necessary Contents (h)*), or if her parents were not aware of the additional filing requirement pursuant to the Birth Registration Act of 1907 proving she was not stillborn?

5.    Is Appellant's vital record, including her administrative record in the State of Texas, standing in plain error if the required form proving she was not stillborn is currently missing from the record?

---

Houston [14th Dist.] Apr. 18, 2024, no pet.) (mem. op.) (affirming denial of name-change request).

6. Did the District Court errantly perform an abuse of discretion by denying the relief requested by Appellant to change the style, status, and condition of the name?

7. Since the Appellant is living, has attained the age of majority, and has surpassed the age of termination, and suffers no physical or mental disabilities (that are not imposed by law), is there any plausible reason left why the District Court would not decree by order the removal of all disabilities imposed by law, or any other disability imposed by federal or State law—known or unknown?

Despite our difficulties understanding the meaning and relevancy of much of Agwunobi's appellate arguments, we liberally construe her brief to raise two issues which track the relief sought in her Name Change Petition: first, whether the trial court erred in denying Agwunobi's request for a name change; and second, whether the trial court erred in denying her request for the removal of any disabilities of minority. *See Bertucci v. Watkins*, ____ S.W.3d _____, No. 23-0329, 2025 WL 807355, at \*4 (Tex. Mar. 14, 2025) ("Courts should hesitate to resolve cases based on procedural defects and instead endeavor to resolve cases on the merits." (citation and internal quotation marks omitted)).

A. **Denial of Agwunobi's name-change request**

Whether a petition for a change of name is granted is a matter of judicial discretion. *In re Jones*, 507 S.W.3d 405, 407 (Tex. App.—Houston [1st Dist.] 2016, no pet.). The test for abuse of discretion is whether the trial court acted

6

without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

The guiding rules and principles for determining whether to grant or deny a petition requesting a change of name are found in the Texas Family Code. *See* TEX. FAM. CODE §§ 45.101–.107. Section 45.101 grants an adult the right to "file a petition requesting a change of name in the county of the adult's place of residence," and Section 45.102 sets forth the requirements of such a petition. *See id.* §§ 45.101–.102.

Section 45.103 sets forth the circumstances under which a trial court must order a name change:

> The court shall order a change of name under this subchapter for a person other than a person with a final felony conviction or a person subject to the registration requirements of Chapter 62, Code of Criminal Procedure, if the change is in the interest or to the benefit of the petitioner and in the interest of the public.

*Id*. § 45.103(a).

Here, the trial court determined Agwunobi did not seek a name change under the statute because she merely sought to have her name spelled in upper and lowercase letters, which was unnecessary because the trial court found her name to already be "Chioma Juliet Agwunobi." Agwunobi does not present any argument or authority for why the trial court was wrong. *See* TEX. R. APP. P. 38.1(i). Accordingly, Agwunobi has not established that the trial court abused its discretion

7

in denying her request. *See Luxton*, 2024 WL 1668079, at *3. We overrule Agwunobi's first issue.

**B.     Denial of Agwunobi's request for removal of disabilities of minority**

Agwunobi also requested that her "disabilities of minority" be removed. The trial court found Agwunobi was not a minor at the time she filed her petition and had not presented evidence that she was under any disabilities of minority or that would support removal of any disabilities of minority under the Family Code.

Chapter 31 of the Family Code permits a minor to petition to have the disabilities of minority removed for limited or general purposes. *See* TEX. FAM. CODE § 31.001. Because Agwunobi is not a minor she cannot, under the Family Code, seek to have the "disabilities of minority" removed. *See Luxton*, 2024 WL 1668079, at *3. We overrule Agwunbi's second issue.

## Conclusion

We affirm the trial court's order.

Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

8